## 41898. YOUNG v. THE STATE.

DEEN, Judge. 1. A motion to dismiss the accusation goes to the form of the pleading only, and will not be sustained on the ground that the verdict is not supported by evidence.

2. On the trial of the defendant for transporting an illegal quantity of tax-paid liquor, the only evidence in the case on the issue of whether the defendant had waived his Fourth Amendment rights to immunity from search and seizure of contraband liquor in the trunk of his automobile (the officer having neither a search warrant nor an arrest warrant) was as follows: "I pulled up along side of him and blew the horn on the patrol car and motioned him on to the shoulder. He immediately pulled over and stopped. I got out and walked up to the window on the driver's side and asked him for his driver's license. He got out of his car and immediately got his billfold out and handed me his driver's license. I told him, 'Leroy, you haven't committed a traffic violation and that's not my reason for stopping you.' I told Young that based on my knowledge of him and several reports recently that he was engaging in the traffic of hauling whiskey was the reason I stopped him. I asked him would he mind, as I saw there was no whiskey evidenced inside the car in the seat, the vehicle still appeared to be loaded. I asked him did he mind opening the trunk so I could see inside of the trunk. He said he didn't mind, he didn't have anything to hide, he just had some beer he was taking up to Sylvania

to a club, whereupon he opened the trunk. I found 5 cases of assorted beers, they were stacked over another large cardboard box . . . I moved a case of the beer over and here is a cardboard box approximately 24 inches square and contained in there were 48 half-pint bottles of assorted whiskey." The evidence very closely resembles that in James v. State (Fla.) 80 S2d 699, which held the search to have been by consent and therefore not unreasonable. A free and voluntary consent that one's belongings be searched is a waiver of objection to the evidence produced as a result of the search. *Ferguson v. State*, 218 Ga. 173 (8) (126 SE2d 798). The question of whether or not this defendant was technically under arrest at the time the officer stopped the car on the road, or at the time (as the officer thought) when he told the defendant to accompany him back to the jail, or at the later time when an arrest warrant was procured, is not involved here, although it might be noted that in Hart v. U.S., 316 F2d 916 (C.C.A. Ga. 1963) it was held that a defendant who when requested to come across the street to the sheriff's office did so, and who later, when asked for his car registration papers unlocked the automobile and produced them without demur was not technically under arrest at the time (citing *Conoly v. Imperial Tobacco Co.*, 63 Ga. App. 880, 885 (12 SE2d 398)) and that his co-operation amounted to a waiver of search without a warrant, he not testifying that he felt coerced and not producing any evidence of unwillingness to accede to the requests. The case further points out that a narrow line of distinction exists between cases where such a request is willingly granted and cases like Pekar v. U. S., 315 F2d 319 (C.C.A. Ga.), where there is a manifest reluctance on the part of the defendant which, when overborne by the insistence of investigative officers, may amount to coercion. We are not dealing here with a search incident to a lawful arrest, but with a search, otherwise illegal, the objection to which has been waived by the free, knowing, and voluntary consent of the suspect. When the permission is granted (whether the defendant "gives up" and admits guilt, or whether he feels that by expressing unconcern he may yet escape detection) and on request he himself unlocks his automobile, gives the keys to the officers, or expresses verbal permission for the search to be made, a waiver results. People v. Koebel, 228 NYS2d 586; People v. King, 175 Cal.App.2d 386 (346

P2d 235). Indubitably, it was not error to admit the testimony objected to here.

*Judgment affirmed. Nichols, P. J., and Hall, J., concur.*

SUBMITTED APRIL 5, 1966—DECIDED APRIL 15, 1966.

*L. H. Hilton,* for appellant.

*Z. Vance Dasher, Solicitor,* for appellee.