45778.   ANDERSON v. THE STATE.

58

Submitted November 3, 1970—Decided December 2, 1970.

*Neil L. Heimanson,* for appellant.

*Lewis R. Slaton, District Attorney, Stephen A. Land, Tony H. Hight,* for appellee.

DEEN, Judge. ■ A police officer has a right to arrest without a warrant when he has probable cause to believe a crime is being committed in his presence. *Code* § 27-207. And while a warrantless search of a vehicle may result in the suppression of the evidence of the fruits of the illegal search where it is based upon an arrest not reasonable as without probable cause (Collins v. United States, 289 F2d 129), it is also true under some circumstances that the "right to search and the validity of the seizure are not dependent on the right to arrest. They are dependent on the reasonable cause the seizing officer has for belief that the contents of the automobile offend against the law." Carroll v. United States, 267 U. S. 132, 158 (45 SC 280, 69 LE 543, 39 ALR 790). Therefore, if probable cause exists, a search of an automobile will be upheld under circumstances which would not justify a warrantless search of a home or office; the same probable cause which justifies the arrest may justify the search, and, given probable cause, no Fourth Amendment distinction exists between making an immediate search without a warrant or impounding the vehicle until a warrant may be obtained. Chambers v. Maroney, 399 U. S. 42 (90 SC 1975, 26 LE2d 419). This is always dependent on the exigencies of the immediate situation. The officer here testified that he looked into the automobile and saw burglary tools, but whether a screwdriver, gloves, chisel and so forth are burglary tools, or a legitimate part of an automobile repair kit, or household tools being transported for the convenience of the owner is itself a thing impossible to decide without other circumstances. The officer's conclusion that he was looking at burglary tools was obviously colored by his suspicions aroused when the vehicle was seen leaving the deserted mall, but it was also influenced by his view of the money and torn money bag on the floorboard which, taken together, gave him probable cause to believe that he had in view the "fruits of crime." Under these circumstances, the articles being in plain view without a search and being sufficient in connection with the totality of circumstances to constitute probable cause for the belief that a crime was being committed in his presence, the arrest was valid and the search incident thereto

was reasonable. *Code Ann.* § 27-301 (c). See also State v. Durham, 367 S. W. 2d 619 (Mo.), cert. den., 375 U. S. 861 (84 SC 130, 11 LE2d 89); 10 ALR3rd, Ann. p. 314 et seq.

■ The defendant further contends, however, that the operator and vehicle were seen violating no law, had a right to be on the public road where the officer first saw them, and that the initial detention at the freeway entrance itself constituted an unlawful arrest as the officer had no right to stop the defendant for interrogation. Here we move into murkier territory. Was the mere presence of the defendant on the mall at a time when the witness knew all business offices were closed in itself a sufficient reason for his pursuing and stopping the car? Would he be within his rights in stopping the vehicle and conducting a minimum check of the driver's credentials with no objective justification whatever? The subject is candidly discussed by Professor Charles A. Reich in the article "Police Questioning of Law Abiding Citizens," Yale Law Journal, Vol. 75, p. 1161. The writer queries: "The first issue that troubles me is whether the police have any power at all to stop a law abiding person on a public street. . . The next issue is what questions the police may ask. . . Closely related to questioning is the issue of the individual's replies. May he refuse to answer? May he demand to know the identity of the officer? May he demand to know why he is being stopped? May he lie to the officer about his age, or why he is out on the street? May he turn and go on his way? I submit that very few people know what their rights are under such circumstances. I do not even know how to find out."

While it has been held that the stopping of a moving automobile to investigate a suspected connection between the occupant and a felony was not a mere momentary detention but an unlawful arrest for investigation (Bowling v. United States, 350 F2d 1002), and while there is also some scant authority for the proposition that where there is no room for suspicion other than mere subjective hunch, a detention for questioning, even though perfunctory, is a serious invasion of the privacy of the individual. It has also been held that the mere act of stopping does not ipso facto constitute an arrest (United States v. Thomas, 250 FSupp. 771; Rodgers v. United States, 362 F2d 358) and that circum-

stances short of probable cause for arrest may justify the stopping of a pedestrian or motorist for limited questioning. United States v. Bonds, 422 F2d 660 (Mo.); United States v. Unverzagt, 424 F2d 396 (Neb.); Cunha v. Superior Ct. of Alameda County, 2 Cal. 3d 335 (466 P 2d 704, 85 Cal Rptr. 160); People v. Gibson, 220 Cal. App. 2d 15 (33 Cal. Rptr. 775); State v. Padilla, 235 S. 2d 309 (Fla.). In the present case the questioning was limited to a request for identification and driver's license and was prompted by the presence of the vehicle in an area and at a time when the witness felt it unlikely that a person with legitimate business would be present. As Professor Reich points out, one may legitimately be in such a place on no business whatever, perhaps merely to be alone or to watch the moon, and he has a right to do so without harassment. The point at which the routine protection of the public becomes an invasion of the right of privacy of the individual must rest on the particular circumstances involved. In the present instance we hold that the limited detention for identity check was justified and did not amount to an arrest, that the evidence lying in plain view in the car after it was stopped constituted probable cause for the arrest, and that the search of the automobile and seizure of its contents in connection with the arrest was not unlawful although without a warrant.

What has been said above disposes of all enumerations of error, including the admission of testimony concerning and photographs of the property recovered from the automobile.

*Judgment affirmed. Evans, J., concurs. Hall, P. J., concurs in the judgment and in Division 1 of the opinion.*