## 27866. MERINO et al. v. THE STATE.

JORDAN, Justice. Merino and Negron appeal their convictions and sentences for armed robbery. The issues on appeal are (1) whether the trial judge erred in overruling a motion for a directed verdict of not guilty for the defendant Merino, and (2) the sufficiency of the evidence to support the verdicts of guilty. *Held:*

1. The defendant Merino has enumerated as error the refusal of the trial court to direct a verdict of acquittal. Prior to the Appellate Practice Act of 1965, as amended (Ga. L. 1965, pp. 18-20; Ga. L. 1966, pp. 493, 494; Code Ann. § 6-702), it was never error for the trial judge to deny a motion for a directed verdict in a criminal case, and this court so held in a myriad of cases. After the enactment of the statute, supra, this court held in *Sutton v. State,* 223 Ga. 313 (154 SE2d 578) that the above law superseded all such decisions in that it allowed a defendant in a criminal case to enumerate as error the overruling of his motion for a directed verdict. Subsequent to the enactment of the Appellate Practice Act the General Assembly enacted the Civil Practice Act (Ga. L. 1966, p. 609). It became effective September 1, 1967. As this court pointed out in *Pritchard v. State,* 224 Ga. 776, 779 (164 SE2d 808) the Civil Practice Act specifically repealed Code § 110-104, the statutory law authorizing the direction of verdicts which was in existence at the time the decision in *Sutton v. State,* supra, was rendered, and enacted a new section dealing with directed verdicts (Ga. L. 1966, pp. 609, 656; Ga. L. 1967, pp. 226, 237, 246, 248; Code Ann. § 81A-150). The court further pointed out that the later section applies only in civil cases thus leaving no statutory authority for the direction of a verdict in criminal case. After the decision in *Pritchard,* supra, this court continued to hold that it was not error for the trial court to refuse to direct a verdict in a criminal case. *Carter v. State,* 227 Ga. 788 (183 SE2d 392); *Allen v. State,* 228 Ga. 859 (188 SE2d 793). While continuing

to so hold, however, the court pointed to the provisions of the 1971 statute authorizing the direction of a verdict of acquittal in criminal cases (Ga. L. 1971, pp. 460, 461; Code Ann. § 27-1802 (a)).

The statute provides that in a criminal case "where there is no conflict in the evidence, and the evidence introduced, with all reasonable deductions and inferences therefrom, shall demand a verdict of acquittal or 'not guilty' . . . the court may direct the verdict of acquittal . . ." While the wording of this statute appears merely to authorize a verdict of acquittal under such circumstances, the entire language must be construed in the light of the Appellate Practice Act authorizing an enumeration of error on the refusal of the trial court to direct a verdict of not guilty in a criminal case. As we view the statute, when there is no conflict in the evidence and it clearly demands a verdict of acquittal as a matter of law there is a *duty* upon the trial judge to grant a motion for a directed verdict of acquittal and his failure to do so will constitute reversible error on appeal. Unless this construction is given to the statute the provisions of the Appellate Practice Act would be rendered meaningless since it would be fruitless to enumerate as error the refusal to direct a verdict of not guilty unless there was such a duty upon the trial judge as would constitute error upon his refusal so to do. We therefore hold that it constitutes reversible error for the trial court to refuse to direct a verdict of acquittal where there is absolutely no conflict in the evidence and the verdict of acquittal is demanded as a matter of law.

Having so held, we look to the enumeration of error in this case based on the refusal of the trial court to direct a verdict of acquittal. Under the facts of this case as shown in Division 2 of the opinion the evidence did not demand a verdict of acquittal and the trial court did not err in so holding.

2. The evidence supports the verdicts.

On the evening of October 15, 1972, Negron, driving a

1964 Oldsmobile with a Florida license plate, stopped at a service station, and ordered gasoline. Another person was in the vehicle. Negron left the vehicle, brandished a cocked pistol, and obtained $74 under circumstances clearly disclosing armed robbery. During the robbery the occupant of the car moved it to a position where one could reasonably infer that he was serving as a lookout. When Negron left the car and commenced the robbery a jacket dropped to the ground. After the robbers left the jacket was examined. It contained a wallet in which there was an Illinois driver's license issued to Negron, and an Illinois and Chicago registration in Negron's name for a 1964 Oldsmobile meeting the description of the vehicle used in the robbery. A short time later Negron and Merino were apprehended in a 1964 Oldsmobile a short distance from the scene of the robbery. At this time the automobile bore Illinois license plates. Negron had $74 on his person.

While Merino was never positively identified as the person present at the robbery with Negron, the circumstance of his presence with Negron a short time later clearly warrants the inference that he was the other occupant of the Oldsmobile at the time of the robbery, and if this be so, the conduct of that person at the scene of the robbery would clearly support a determination that he was a party to the crime.

*Judgment affirmed. All the Justices concur.*

SUBMITTED APRIL 10, 1973 — DECIDED MAY 10, 1973.

*Thomas C. Bianco,* for appellants.

*Edward E. McGarity, District Attorney, Arthur K. Bolton, Attorney General, Courtney Wilder Stanton, Assistant Attorney General, David J. Bailey, Deputy Assistant Attorney General,* for appellee.