## 48209. BROOKS v. THE STATE.

SUBMITTED MAY 1, 1973 — DECIDED MAY 16, 1973.

*Cook & Palmour, A. Cecil Palmour,* for appellant.

*Earl B. Self, District Attorney, Wm. Ralph Hill, Jr.,* for appellee.

DEEN, Judge. We have no difficulty in reiterating that arrest without a warrant may be made for a crime committed in the presence of the arresting officer. Code § 27-207. On the other hand we find a violation of the defendant's basic rights in the pursuit and detention here much like that detailed in *Holtzendorf v. State,* 125 Ga. App. 747 (188 SE2d 167). According to the officer who testified on the hearing of the motion, the truck was proceeding down the highway at a proper speed and unattended by any suspicious circumstances. There was a shopping center at nearby Trion, Georgia, but it neither appeared there had been any criminal activity there or that the occupants of the vehicle had been in its vicinity. The side road, so far as appears from the record, was a public road. It is by no means the only road in the area leading into or through a woods, and the witness had no explanation as to why he should follow the car except that he "suspected he might be up to something that's no good." Our decision in *Holtzendorf* was to some extent founded on Terry v. Ohio, 392 U. S. 1 (88 SC 1868, 20 LE2d 889), where it was pointed out that whenever a police officer accosts an individual and restrains his freedom to walk away, that person has in a sense been seized. Terry, supra, left open detailed analysis of the subtle difference between a stop and an arrest, or a frisk and a search, as not necessary to the questions there considered, while recognizing that there is an intermediate ground for police activity although no probable cause for arrest or search without a warrant exists. We recognized the same thing in *Anderson v. State,* 123 Ga. App. 57 (179 SE2d 286) where the defendant emerged from a commercial area the officer had been employed to patrol at a time when the officer knew all persons having business within its confines had left, and where he stopped the car for the limited purpose of ascertaining the driver's identity and checking his driver's license.

The opinion in United States v. Nicholas, 448 F2d 622 begins with a statement that it addresses itself to the question specifically avoided in Terry, supra, that is "whether an investigative seizure upon less than probable cause, for purposes of detention and/or interrogation, is constitutionally permissible." There police

officers on routine patrol decided to "investigate" a car and driver parked in front of a pool hall, waited until another man came out of the pool hall and got into the car, then came up and ordered him to roll down the window for the purpose of questioning him regarding his presence in the area. When the window was rolled down the odor of burned marijuana was smelled, whereupon the men were arrested and the car searched. The court found that, although there was no arrest as such, the defendant's freedom of movement had been restrained; that there is such a thing as police power to require a "stop" for less than probable cause that a crime is being committed, and that the momentary detention of a citizen for questioning may be made, but only where "based upon specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant the intrusion." And see United States v. Zubia-Sanchez, 448 F2d 1232, 1233: "We have repeatedly held that an authorized officer may stop an automobile and conduct a limited investigative inquiry of its occupants, without probable cause, if he has 'reasonable grounds' for such action — 'a founded suspicion is all that is necessary, some basis from which the court can determine that the detention was not arbitrary or harassing.' Wilson v. Porter, 361 F2d 412, 415." Here we are not dealing with either real or supposed authority to check for traffic violations, or with even the slightest of articulable suspicions arising as inferences from conduct, or from knowledge arising out of the totality of circumstances. All we have are the two facts that the hour was after midnight, and that the couple chose to turn off from a main road onto a side road. The stop effected by turning on the police light and driving up beside the car to halt it was a coercive action which infringed upon the defendant's Fourth Amendment rights. Evidence obtained solely as a result of such detention should have been suppressed. As stated in United States v. Bonanno, 180 FSupp. 71, 80: "It is clear that the mere stoppage of a car by a police officer is not [per se] such an illegal act that would taint all evidence stemming therefrom. On the other hand, it seems equally clear that the essential freedom of the individual demands that police not be permitted to stop every car that passes with no other justification than mere inclination or the desire to harass with no legitimate end in view." And, where no circumstances at all appear which might give rise to an articulable suspicion (less than probable cause, but greater than mere caprice) that the law has been violated, the act of following and detaining a vehicle and its occupants must be judged as an impermissible

intrusion on the rights of the citizen. Where this occurs, the penalty exacted by the law is that evidence turned up as a result of such intrusion may not be introduced against the defendant on the trial of his case.

The motion to suppress should have been granted.

*Judgment reversed. Bell, C. J., and Quillian, J., concur.*