## 48124. KELLY v. THE STATE.

CLARK, Judge."I have never heard of something like that happening before. It is unreasonable and it is incredible." (T. 130). That comment in this case by the trial judge referred to the testimony of two undercover drug agents in a pre-trial hearing upon a motion to suppress the evidence where the accused was indicted for the violation of the Georgia Drug Abuse Control Act. After hearing the defense version of the incident which was in direct contradiction to that of the state, the trial judge decided the matter was one of credibility. His conclusion was in these words: "The court is inclined to accept the testimony of the officers in view of the circumstances and conditions, etc. of the stopping of the car and the handing of the marijuana to the officers."

Recognizing that the evidence presented not only a question of credibility which was for the trial court's determination alone but a legal question as to the legality of the police officers' actions, the judge granted the necessary certificate of immediate review to enable this appellate court to decide the correctness of his ruling which had been adverse to the accused.

The facts causing this judicial comment began during a cruise in Atlanta by an unmarked government car containing the two agents and an unnamed informer in the rear seat. This informer did not testify but the officers described him as being reliable and as the source of providing them with accurate information in 40 to 50 cases involving "grass" and heroin. (T. 15 and 16). In performing their duties the operatives presented a hippie-type cosmetic appearance and wore clothing appropriate to their undercover work as members of a drug law enforcement squad.

During the afternoon of July 5, 1972, the informer-passenger pointed out a yellow Chevrolet Vega automobile in downtown Atlanta then traveling on I-75. The agents followed the Vega automobile a lengthy distance. At no time during this period of observing the suspected vehicle was there a violation of any state law or city ordinance. When the Vega automobile stopped behind a truck at a red traffic light in the town of Riverdale the two officers got out of their car which was behind the Vega and went up to it with one officer going to the driver's window and the

other to the side of the passenger.

The agent who stopped on the driver's side had a pistol in his hand (T. 27) though not pointed at anyone, showed his badge to the driver in the Vega which identified him as a police officer, and while still outside the car, asked the driver for the keys to the Vega. (T. 18, 19, 20). The keys were handed over. Then, in what the state's brief describes as a "spontaneous voluntary act on the part of the appellant" the passenger in the Vega reached under the driver's seat and handed the agent with the pistol a brown paper bag. Looking into the bag the agent saw what appeared to be marijuana.(T. 20). According to the agents they thereupon asked both occupants of the Vega to step from the car and then placed them under formal arrest. (T. 21).

The driver of the car, who was not indicted, testified for the accused that the brown paper bag had not been handed over as described but that the agent found the bag in the floorboard of the car upon making a search thereof after the occupants had been ordered by the two undercover agents to leave the vehicle.

1. For determination are these questions: did the agents by their actions upon accosting the driver with a pistol and badge thereby make an arrest? If so, was this arrest lawful?

"An arrest for a crime may be made by an officer, either under a warrant, or without a warrant if the offense is committed in his presence, or the offender is endeavoring to escape, or for other cause there is likely to be failure of justice for want of an officer to issue a warrant." Code § 27-207. There was no warrant. There was no criminal offense committed during the observation of the vehicle. Thus there was no offense in the officers' presence nor attempts to escape. There was not a scintilla of any unlawful or criminal activity. In exigent circumstances such as the imminent removal or destruction of contraband, a police officer may arrest without a warrant, but there must be probable cause. "Probable cause means . . . reasonable grounds, and is that apparent state of facts which seems to exist after reasonable and proper inquiry. [Cits.]." *Wood v. State,* 126 Ga. App. 423, 424 (190 SE2d 828). Rumor, suspicion, speculation or conjecture is not sufficient. There was no contraband in sight when the police detained defendant. Nothing indicated that drugs or any contraband were being transported. A brown paper bag is obviously not in itself incriminating. "It is axiomatic that an incident search may not precede an arrest and serve as part of its justification. Henry v. United States, 361 U. S. 98 (80 SC 168, 4 LE2d 134); Johnson v.

United States, 333 U. S. 10, 16, 17 (68 SC 367, 92 LE 436)." Sibron v. New York, 392 U. S. 40, 63 (88 SC 1889, 20 LE2d 917). Therefore there was a lack of probable cause.

2. The State argues there was no arrest until after the alleged spontaneous voluntary handing over of the brown paper bag and the agent's discovery that its contents appeared to be marijuana. This contention is not supported by the factual development that the restraint occurred when the police officers went to the vehicle with one of them having a pistol in one hand and his police identification in the other. "It must be recognized that whenever a police officer accosts an individual and restrains his freedom to walk away, he has seized that person." *Holtzendorf v. State,* 125 Ga. App. 747, 751 (188 SE2d 879) quoted from Terry v. Ohio, 392 U. S. 1, 16 (88 SC 1868, 20 LE2d 889). See also *Raif v. State,* 109 Ga. App. 354 (136 SE2D 169). Although the officer testified he did not make the arrest until after the alleged spontaneous voluntary delivery of the brown paper bag and his observation that it was marijuana the realistic fact is that the arrest occurred prior to the alleged handing over of the contraband.

The facts under consideration are similar to those in the recently decided case of *Brooks v. State,* 129 Ga. App. 109 . There, during a highway patrol after midnight the law enforcement officers followed a truck when they saw it leave the main highway and turn into a side road leading into a wooded area because they "suspected he might be up to something that's no good." The officers flashed their exterior dome-light and brought the vehicle to a stop. Thereupon, in the illumination of the headlights, according to the officers, they observed sticking out of defendant's shirt pocket a plastic bag which contained a green substance resembling marijuana. At this point the officers removed the bag and charged the accused with possession of contraband. Our court ruled there was a violation of the defendant's basic rights in the pursuit and detention much like that detailed in *Holtzendorf v. State,* supra, just as we have held in the case sub judice. The opinion concludes that "where no circumstances at all appear which might give rise to an articulable suspicion (less than probable cause, but greater than mere caprice) that the law has been violated, the act of following and detaining a vehicle and its occupants must be judged as an impermissible intrusion on the rights of the citizen."

3. The obtaining of the evidence was tainted by the illegal arrest.

"Evidence obtained under a void warrant [or illegal arrest] is evidence illegally obtained and it has been settled once and for all that the taint of illegal procurement forbids its use as evidence." *Garner v. State,* 124 Ga. App. 33, 36 (182 SE2d 902). The police had no search warrant and the lack of probable cause which invalidated the arrest therefore voids the search incident to arrest. Here the officers did not see any contraband in plain view and nothing alerted them to further investigation such as an offense being committed in their presence. See *Anderson v. State,* 123 Ga. App. 57, 61 (179 SE2d 286).

4. The motion to suppress should have been sustained because of the warrantless arrest and the lack of probable cause. *Uva v. State,* 124 Ga. App. 486 (184 SE2d 200); *Bethea v. State,* 127 Ga. App. 97 (192 SE2d 554).

*Judgment reversed. Hall, P. J., and Evans, J., concur.*

ARGUED MAY 7, 1973 — DECIDED MAY 23, 1973.

*Albert B. Wallace, William R. L. Latson,* for appellant.
*William H. Ison, District Attorney, T.E. Abernathy,* for appellee.