## 48455. BRAND v. THE STATE.

DEEN, Judge. The defendant and two other men were observed by police officers at about 3:20 a. m. to drive up on the premises of a closed service station and stop and the occupants peered inside the station. The police car proceeded to park on the street in plain view in front of the premises, and the car then drove away. It was followed to an expressway ramp, stopped, and a driver's license requested. The driver stated that he had no license. According to the officer, who had in the meantime been joined by two other policemen: "I asked the other two subjects where they were going and where they were coming from and they told me different variations of approximately the same story, and at that time I asked the driver if he minded if I looked in the car.

He said, 'No.' I looked inside and found a screwdriver and a pair of pliers under the front seat with an air rifle and pistol. I asked if he minded if I looked in the trunk and he said, 'No. Go ahead,' and he opened it himself." The officers then found certain equipment for the burglary of which the appellant was indicted. His motion to suppress the evidence so discovered was denied and he appeals. *Held:*

The circumstances of this case are remarkably similar to those set out in Schneckloth v. Bustamonte, 412 U. S. 218 (93 SC 2041, 36 LE2d 854). There an officer on routine patrol stopped a car with defective lights; the driver had no license; the occupants consented to allow the car to be searched and one of them opened up the trunk and certain contraband was found concealed inside. Objections to the admission of this evidence, invoking Fourth and Fourteenth Amendment safeguards, were that the state had not carried its burden of showing voluntariness and that the consent to search did not amount to a waiver in the absence of a showing that the driver understood his right to withhold consent to search. We adopt here the holding in that case (p. 248) as follows: "[W]hen the subject of a search is not in custody and the State attempts to justify a search on the basis of his consent, the Fourth and Fourteenth Amendments require that it demonstrate that the consent was in fact voluntarily given, and not the result of duress or coercion, express or implied. Voluntariness is a question of fact to be determined from all the circumstances, and while the subject's knowledge of a right to refuse is a factor to be taken into account, the prosecution is not required to demonstrate such knowledge as a prerequisite to establishing a voluntary consent." The court here could properly make a finding of voluntariness. The officer's testimony is uncontradicted; it does not appear that the defendant evinced any reluctance or was subjected to any coercion, express or implied; no other factors such as youth, lack of education, low intelligence, length of detention, nature of the questioning, use of physical force, and so on (cases cited in Schneckloth, supra) are present here. The distinction can be clearly brought into focus by a comparison of the circumstances here and those in *Kelly v. State,* 129 Ga. App. 131 (198 SE2d 910). There a so-called voluntary consent to search which disclosed contraband was held insufficient where it appeared that officers stopped the vehicle on the suggestion of an unnamed informer, without any facts giving rise to even an "articulable suspicion" of law violation (see

*Brooks v. State,* 129 Ga. App. 109 (198 SE2d 892)) surrounded the car, and, with drawn pistol, "requested" the keys to the trunk. The circumstances surrounding and inducing the giving of the consent may always be inquired into; each case must be decided on its own facts. The testimony here, if the trial judge chose to believe it, was sufficient to support his finding that the evidence so discovered would be admitted on the trial of the case.

*Judgment affirmed. Bell, C. J., and Quillian, J., concur.*

SUBMITTED SEPTEMBER 10, 1973 — DECIDED SEPTEMBER 27, 1973.

*William G. Hughes,* for appellant.
*Richard Bell, District Attorney, Henry Kellum,* for appellee.