## 48930. FLOURNOY v. THE STATE.

DEEN, Judge.

1. An arrest and search based only on information from a "reliable informer," no facts being given to support this conclusion, and there being neither probable cause for arrest nor any warrant, is insufficient to allow the admission of contraband discovered as the result of such search. *Kelly v. State,* 129 Ga. App. 131 (198 SE2d 910); Aguilar v. Texas, 378 U. S. 108 (84 SC 1509, 12 LE2d 723); Spinelli v. United States, 393 U. S. 410 (89 SC 584,

21 LE2d 637).

2. One who accosts an individual who is violating no law so far as can be discerned by any of the senses, and holds him against his will, must be deemed to have seized the person of the defendant. *Holtzendorf v. State,* 125 Ga. App. 747 (188 SE2d 879); Terry v. Ohio, 392 U. S. 1 (88 SC 1868, 20 LE2d 889); *Brooks v. State,* 129 Ga. App. 109 (198 SE2d 892).

3. Whether a consent to search is voluntary or the result of duress depends upon the facts of the individual case, but the burden is upon the state to demonstrate that the consent was in fact voluntarily given. Schneckloth v. Bustamonte, 412 U. S. 218 (93 SC 2041, 36 LE2d 854); *Brand v. State,* 129 Ga. App. 747 (201 SE2d 180).

4. Appellant Flournoy's car was stopped by police officers at about 1:00 a.m. after one of them received a call from an unidentified source that she was on her way home from purchasing whiskey. They interrogated her and then asked permission to search the trunk of the car, which was refused. A radio call brought another police car whose officers kept her under guard while others went off in search of a warrant. After some ten minutes or so, the first officers not having returned and the defendant being alone, frightened, and upset, she consented for the trunk to be opened, and it was found to contain five quarts of tax-paid liquor. She was then taken to the police station, placed officially under arrest, and allowed to make bond, while the vehicle was seized for condemnation.

We agree with the appellant that under these circumstances and on the authority above cited there was no probable cause sufficient to support a search warrant had one in fact been sought, and no reason to believe that the defendant was in the act of absconding so as to bring her within the purview of Carroll v. United States, 267 U. S. 132 (45 SC 280, 69 LE 543, 39 ALR 790) and other like automobile cases. The search without a warrant cannot be constitutionally justified nor was consent voluntarily given.

The trial court erred in overruling the motion to suppress.

*Judgment reversed. Bell, C. J., Quillian, Evans and*

*Clark, JJ., concur. Hall, P. J., Eberhardt, P. J., Pannell and Stolz, JJ., dissent.*

SUBMITTED JANUARY 16, 1974 — DECIDED MARCH 6, 1974.

*McMaster & Wommack, Robert W. Wommack, D. E. McMaster,* for appellant.
*Thomas A. Hutcheson, Solicitor,* for appellee.

STOLZ, Judge, dissenting.

This case involves the condemnation of an automobile which was found to contain five quarts of tax-paid whiskey in a dry (Washington) county. The vehicle was owned by the appellant and was being operated by her immediately prior to seizure by Sandersville police officers.

On the night of May 26, 1973, officer Bobby Whipple of the Sandersville police received a telephone call from a reliable informer, who had been used in other cases, advising him that the defendant was on her way home and had some liquor in her car. Officer Whipple and another officer (Reeves) commenced a search for the defendant. Between 1:00 and 1:30 a.m., they stopped the defendant's car on the street in Sandersville, asked for her driver's license, and observed a box with some empty whiskey bottles in the back seat. The defendant was then asked if she would open the trunk of her car. She asked the officers if they had a search warrant, and, when told they did not, declined to open the trunk. The officers then advised the defendant that they would get a search warrant, and called a justice of the peace for that purpose. After calling the justice of the peace, officer Whipple returned to the defendant's car, and within ten minutes she voluntarily opened the trunk, revealing the five quart-bottles of whiskey.

These facts present a vastly different situation from that presented in *Kelly v. State,* 129 Ga. App. 131, cited in the majority opinion. In *Kelly,* the officer approached the car with pistol in hand, and asked for and received the keys to the car, whereupon, the defendant "spontaneously" reached under the seat, removed a

brown paper bag containing marijuana, and handed it to the officer. The defendant in *Kelly* strongly denied that he had done such, and contended that the officers had found the brown bag while searching the car. In this case, there is no mention of the officers' brandishing guns. There is positive, undenied testimony of a quantity of empty whiskey bottles in a box on the rear seat of the defendant's car. There is the testimony of the defendant herself, that she *opened the trunk of her car.*

Upon receipt of the information from their informer, probable cause existed which would at least authorize the officers to stop the defendant's car and question her. Taking into consideration the totality of the circumstances, including but not limited to the lateness of the hour, the telephone conversation from the reliable informer, and the empty whiskey bottles in a box on the rear seat of the defendant's car, the officers were authorized to detain the defendant while a search warrant was being obtained. *Anderson v. State,* 123 Ga. App. 57 (179 SE2d 286); *Johnson v. State,* 126 Ga. App. 93 (189 SE2d 900); *Williams v. State,* 129 Ga. App. 103, 105 (198 SE2d 683) and cits.

Here, however, the search of the vehicle was not made under the authority of the search warrant, but was allowed and acquiesced in by the defendant when *she opened the car trunk,* revealing the whiskey. Free and voluntary consent to a search is a waiver of objection to the evidence produced thereby. *Ferguson v. State,* 218 Ga. 173 (8) (126 SE2d 798); *Young v. State,* 113 Ga. App. 497, 498 (148 SE2d 461); *Raymond v. State,* 129 Ga. App. 17 (198 SE2d 430); *Brand v. State,* 129 Ga. App. 747 (201 SE2d 180). This court cannot say, as a matter of law, just because a defendant testifies she was "frightened and upset," that she was coerced and intimidated or acted involuntarily. These matters address themselves to credibility, and have been resolved by the trial judge. In such cases this court should not disturb the trial court except where the decision was patently erroneous. I do not doubt that the defendant was "frightened and upset." She had been stopped while in the act of violating the law (possessing an illegal quantity of tax-paid whiskey), and realized the possibility of facing criminal charges, being

incarcerated, and having her automobile condemned. Such must be a frightening and upsetting experience. For some, the possibility of having such an experience is the only restraint which keeps them within the law. Perhaps it will do as much for the defendant in the future.

I would affirm the trial judge and therefore dissent.

I am authorized to state that Presiding Judges Hall and Eberhardt and Judge Pannell concur in this dissent.