## 50356. MEALOR v. THE STATE.
## 50357. STANDRIDGE v. THE STATE.

CLARK, Judge.

These companion appeals are from burglary convictions. After a motion for severance was denied the two appellants were tried jointly. Mealor assigns error upon the general grounds along with various special enumerations. Standridge's appeal is limited to the sentencing portion of the trial, he contending the judge did not have the right to deprive the jury of setting the sentence under the new procedure because the offense was committed prior to the effective date of that legislation making the change.

1. We reverse Mealor's conviction upon the general grounds and therefore find it unnecessary to deal with his special assignments.

Viewed most favorably to the state, the evidence is as follows: When the prosecutor returned to his home approximately 1:30 p.m. on June 4, 1974, he discovered that between his departure at 8 a. m. and the time of his return the residence had been burglarized. The investigation which immediately followed by the sheriff's deputies revealed that between 12:15 and 1:30 p.m. on that date three persons had observed a dingy white car with a red roof containing two white boys in the vicinity of the burglarized domicile. Two of these witnesses were unable to identify either the driver of the car or the passenger; the other positively identified Standridge as the driver. Around 4 p.m. the investigating officer, by happenstance, saw a Ford which fitted the vehicle's description pass the jail. He followed the described red and white automobile which was en route to Mealor's residence. Upon his arrival at Mealor's place of abode, the officer observed Mealor and Standridge in the immediate vicinity of the automobile. Ascertaining from them that Standridge was the owner of the car, the officer requested both young men to follow him to the jailhouse for questioning. When they arrived at the jail, the officer asked Standridge if he would consent to a search of the automobile. Standridge refused and fled. Although Mealor could have done likewise, he remained. A

subsequent authorized search of Standridge's vehicle disclosed the truck contained items which had been stolen in the burglary.

At the trial Mealor testified he had been with Standridge only from approximately 2 or 2:30 p.m. until the time of his arrest. He denied knowledge of or participation in the burglary. Additionally, he presented alibi testimony from his sister who confirmed his having been at home during a portion of the time when the red and white car had been placed in the neighborhood of the burglarized residence. The testimony of Standridge also confirmed that given by Mealor.

"While questions of fact are exclusively for determination of the jury, the question whether or not there is any evidence to support a verdict is one of law; and if, under all legal and logical deductions from the evidence, a verdict is unwarranted, this court may and should set it aside." *Rutland v. State,* 46 Ga. App. 417 (167 SE 705).

"In criminal cases the corpus delicti, the identity of the stolen property, and the accused's connection with the commission of the crime, may all be established by circumstantial evidence where such evidence is sufficient to exclude every other reasonable hypothesis save that of the guilt of the accused . . ." *Worley v. State,* 91 Ga. App. 663 (1) (86 SE2d 702). "Circumstantial evidence is worth nothing in a criminal case if the circumstances are reasonably consistent with the hypothesis of innocence, as well as the hypothesis of guilt." *Riley v. State,* 1 Ga. App. 651, 655 (57 SE 1031). See also *Jackson v. State,* 210 Ga. 303 (79 SE2d 812) and cases cited at page 310.

In the case at bar the only evidence connecting Mealor with the commission of the crime was that Mealor was with Standridge after Standridge was seen in the vicinity of the burglarized address. The mere association of Mealor with Standridge is not such evidence as to exclude every reasonable hypothesis except Mealor's guilt. Our criminal jurisprudence has not endorsed the doctrine of guilt by association. Matula v. State, 220 S2d 833 (Miss. 1969); Commonwealth v. Perry, 357 Mass. 149 (256 NE2d 745) (1970).

2. Defendant Standridge's sole enumeration of error

is that the judge erroneously imposed sentence pursuant to Ga. L. 1974, pp. 352, 357 (Code § 27-2503) since the burglary was committed prior to July 1, 1974, the date upon which that Act became effective. "The Georgia Supreme Court has now rejected arguments that jury determination of sentence is a substantive right so as to come within the proscriptions of 'ex post facto laws' of the Georgia and United States Constitutions (Code Ann. § 2-302 and Code § 1-128, respectively). *Jones v. State,* 233 Ga. 662. See also, *Cofer v. Hopper,* 233 Ga. 155 (210 SE2d 678); *Muckle v. State,* 233 Ga. 337 (211 SE2d 361)." *Adkins v. State,* 134 Ga. App. 507 (3).

*Judgment reversed in Case No. 50356. Judgment affirmed in Case No. 50357. Pannell, P. J., and Quillian, J., concur.*

SUBMITTED MARCH 10, 1975 — DECIDED APRIL 16, 1975.

*Davis, Davidson & Hopkins, Ronald K. Hopkins,* for Mealor.

*Gregory M. Perry,* for Standridge.
*Nat Hancock, District Attorney,* for appellee.