### 50893. HALL v. THE STATE.

EVANS, Judge.

Defendant was tried with two others for the crime of armed robbery. The defendant was convicted of robbery and sentenced to serve nine years. He appeals. *Held:*

1. Two males, one tall with an afro haircut, the other short (both black), with stocking masks over their faces — entered a seafood establishment armed with a shotgun and a pistol about 8:30 p.m. at night. They made the occupants lie on the floor, and proceeded to rob the business and the employees of valuables. Another black male was observed in an automobile when the two males ran to it to make their escape. This was reported to the police almost immediately when the observer of this activity was told of the robbery at the seafood establishment. He also gave the automobile license number to the police, which was traced; and the police immediately went to the home of Oscar Bethey, as his wife owned the car. The automobile was observed at his home and on request, the police were given permission to search the car and the home. There were three black males in the dwelling, including this defendant. A sum of money was found under a mattress and a wrapping for stockings was found in the car.

2. The strongest evidence against the defendant Hall is that in his own testimony he admitted being with the other two defendants earlier in the afternoon at 2 o'clock and again at 6 o'clock (and perhaps a little later), and drinking vodka with them. When the robbery occurred at around 8 to 8:30 p.m., Bethey and Austin were positively identified as those actively participating therein, while another black person (unidentified) was seen sitting outside in the car which they used as the "get-away" car. It was traced to the home of Bethey where Bethey, Austin and Hall were all inside Bethey's home, and no other male person was there.

This was circumstantial evidence which raised an

inference that defendant Hall was one of the participants in the robbery, by sitting outside in the car as a look-out while the robbery was going on.

Defendant was seen with the other robbers before the crime was committed and found with them immediately after at the home of one of them. The evidence was sufficient to support a determination that he was a party to the crime.

The Supreme Court of Georgia, in *Merino v. State,* 230 Ga. 604, at 606 (198 SE2d 311), held a defendant was properly convicted on testimony that he was seen with the active participants shortly *after the crime* — but was never identified as being with them at the time of the crime — nor before the crime. The Supreme Court states this was clearly sufficient to support a determination that he was a party to the crime.

In the instant case, the testimony was much stronger, because defendant Hall was seen with the criminals *both before and after the robbery.*

Accordingly, the court did not err in refusing to direct a verdict of acquittal.

3. Defendant contends no search was authorized because under the circumstances his situation was equivalent to his being under arrest without a warrant. But this is not so. The police were in hot pursuit of the robbers, and obtained information as to the license tag which was traced to defendant's wife. They immediately went to the residence where the defendant Bethey voluntarily consented to a search of his dwelling and the automobile involved in the robbery. There was no intimidation of defendants which made them consent to the search. The facts of this case are more similar to those in *Brand v. State,* 129 Ga. App. 747, 748 (201 SE2d 180), than to *Flournoy v. State,* 131 Ga. App. 171 (205 SE2d 473), cited by defendant. The mere fact the police officers were armed fails to show the defendants were "overwhelmed" by the police officers. The trial court heard the evidence and decided that the defendant Bethey consented to the search.

4. After the usual voir dire questions "have been put by the court," an individual examination may be made by either party inquiring of the individual jurors examined

touching any matter or thing which would illustrate any interest, opinions, or facts or circumstances indicating any inclination, leaning, or bias respecting the subject matter, counsel, parties, and religious, social and fraternal connections of the juror. Code Ann. § 59-705, as amended.

When his time came, defense counsel asked: "Does everyone in this panel understand that you would be enforcing the law just as vigorously by voting not guilty in the event the State fails to prove its case beyond reasonable doubt than [sic] you would by voting guilty under these charges?" Objection was sustained on the ground that this was merely an abstract, philosophical question. The Supreme Court in such cases as *Hill v. State,* 221 Ga. 65, 68 (8) (142 SE2d 909); *Curtis v. State,* 224 Ga. 870, 871 (165 SE2d 150); and *McNeal v. State,* 228 Ga. 633, 635-636 (3) (187 SE2d 271), have held that the trial court has a discretion to limit examination under this Code section to questions dealing directly with the specific case and may prohibit general questions. Defendant cites no authority on this point. The court did not err in sustaining the objection to this question as to the general knowledge of the jurors as to the law.

*Judgment affirmed. Stolz, J., concurs. Deen, P. J., concurs specially.*

Submitted July 1, 1975 — Decided September 5, 1975.

*Bennett, Saliba & Wisenbaker, George M. Saliba,* for appellant.
*H. Lamar Cole, District Attorney,* for appellee.

Deen, Presiding Judge, concurring specially.

In *Merino v. State,* 230 Ga. 604 (198 SE2d 311) two persons were observed in the act of committing a crime; one individual could be identified positively but the other could not. A short time after the crime, the police were able to apprehend the identified party who was accompanied by another. Discovery in the presence of the known criminal a brief time after the crime was held to be circumstantial evidence that the second party was the

unidentified participant in the illegal act; this evidence will support a verdict of guilty. On the other hand, the evidence in *Mealor v. State,* 134 Ga. App. 564 (215 SE2d 272), was held to be insufficient to support a conviction. There it was shown that two suspicious persons were observed in the area before the crime was discovered; only one of these individuals was positively identified. After discovery of the crime, the police apprehended the identified party and a companion in an automobile containing the stolen goods. This court noted that our criminal jurisprudence has not endorsed the doctrine of guilty by association and reversed the conviction of the companion.

What is the line between discovery in the presence of an identified criminal on the one hand as circumstantial evidence of guilt and on the other as unpermitted guilt by association? After studying the cases, it appears that in order for discovery in the company of an identified party to a crime to be circumstantial evidence of guilt in the perpetration of such crime, three things are required: (1) eyewitness testimony that a certain number of persons took part in the crime; (2) positive identification of at least one of those persons; and (3) apprehension of the parties immediately or soon after the perpetration of the crime. Thus in *Merino* there was testimony that two persons were involved, one of whom was identified and Merino was apprehended soon thereafter in the company of the identified party; this is circumstantial evidence of guilt. In *Mealor* there was no testimony as to how many persons were involved in the burglary but only that two boys were seen in a suspicious car in the area. Only one of these suspects could be positively identified. When Mealor was later discovered in the company of the identified party this was not circumstantial evidence of guilt; what was lacking was evidence that a certain number of persons were involved in the criminal act. Unless there is some proof as to the number of individuals involved in the perpetration, conviction merely based upon discovery in the presence of the identified criminal falls within the ban of guilt by association.

Turning to the facts of the case sub judice, there was testimony that *three* persons were involved in the crime,

two active participants and one who remained in the car. Two of the parties were *positively identified*. The appellant was discovered in the company of the identified parties a *short time after* the crime was committed. This case satisfies the three elements and the evidence is therefore circumstantially persuasive that the appellant was the unidentified third party to the crime.