## 52640. HORN v. THE STATE.

CLARK, Judge.

Having been convicted of aggravated assault with intent to rob, defendant was sentenced to an indeterminate number of years under the Youthful Offender Act. This appeal followed.

We summarize the circumstances leading to the defendant's arrest: On February 9, 1976, at approximately seven o'clock in the morning, Mrs. Lee Lewis was waiting to catch a bus on an Atlanta thoroughfare. She was approached by two young men, Chancey and Hamby, one of whom demanded her pocketbook. A BB rifle was pointed at the victim as Hamby reached for her purse. At that point, Mrs. Lewis informed the pair that her pocketbook contained nothing of value. The young men backed off and ran down the street. Mrs. Lewis walked to the corner and saw the men jump into the right side of a white automobile via the front door. Before the door was securely closed, the automobile sped away.

Almost immediately, Mrs. Lewis reported the incident to a bus driver who radioed for police assistance. At 7:10 a.m., Officer R. L. Lindsey met the victim; she gave him a description of her assailants and the automobile in which they fled. This information was relayed by radio and, shortly thereafter, the police stopped a white automobile which met the victim's description several blocks from the scene of the crime.[1]

_____

[1] The evidence varies as to the time of defendant's arrest and the subsequent arrival of the victim at the scene of the arrest. According to the arresting officer, defendant was apprehended about 20 minutes after the crime was committed. But under any view of the evidence

The automobile was occupied by defendant, Hamby, and Chancey. Defendant was driving the automobile and Chancey was in the rear seat. A BB rifle was retrieved from the rear of the car. At the time of his arrest, defendant stated that he was not involved in the robbery attempt; and that he had been at a restaurant when Chancey and Hamby picked him up fifteen or twenty minutes before the police stopped the car.

When Mrs. Lewis arrived at the scene, she identified both Chancey and Hamby as the young men who approached her earlier. She also identified the automobile as the "getaway" car. But she was unable to make a positive identification of the defendant.

At the trial, Chancey testified the defendant was driving the automobile at the time of the assault; that Hamby told the defendant to stop the car because Hamby was "going to snatch her [the victim's] purse"; that the defendant stopped the vehicle and waited for Chancey and Hamby; and that the defendant drove off when Chancey and Hamby returned to the automobile.

1. Relying upon *Caldwell v. State,* 227 Ga. 703 (182 SE2d 789), defendant contends the evidence was not sufficient to show a conspiracy, and therefore, it was error to admit in evidence testimony as to the acts and declarations of Chancey and Hamby, and to charge the jury on the law of conspiracy. We disagree.

In addition to the direct testimony of Chancey as to the existence of the conspiracy and defendant's connection therewith, the evidence shows that (1) Chancey and Hamby were aided in their escape by an unknown party and that (2) defendant was driving the "getaway" vehicle shortly after, and in the vicinity of, the crime. This evidence was sufficient to authorize the jury to find that there was a conspiracy between defendant, Chancey and Hamby. See generally *Merino v. State,* 230 Ga. 604 (198 SE2d 311). Accordingly, there was no error in admitting evidence of acts and declarations of the co-conspirators, or in charging the jury on the subject of conspiracy. *Coleman v. State,* 141 Ga. 731 (82 SE 228).

---

defendant's arrest took place within 45 minutes of the assault.

2. Defendant contends a verdict of acquittal was demanded because Chancey's testimony was not supported by corroborating evidence. This contention is without merit.

" 'The law specifically lays down the rule that if the accomplice is corroborated in material parts of his testimony, then he may be believed by the jury as to other material parts as to which there is no corroboration. . . [I]f the accomplice is shown to be truthful (corroborated) as to certain material matters he may be believed without corroboration as to other material matters.' *Pitts v. State,* 128 Ga. App. 434, 435 (197 SE2d 495). To this otherwise general rule of law there is an important exception. '[A] distinction must be made between evidence which tends to prove the truth of the accomplice's general testimony and that which tends to prove the identity and participation of the accused. . . [I]nsofar as the participation and identity of the accused is concerned, there must be independent corroborating evidence which tends to connect the *accused* with the crime.' *West v. State,* 232 Ga. 861, 865 (209 SE2d 195). It is therefore necessary that the identity and participation of appellant be established by corroboration independent of the accomplice's testimony." *Boggus v. State,* 136 Ga. App. 917, 920 (222 SE2d 686).

But "It is not required that this corroboration shall of itself be sufficient to warrant a verdict, or that the testimony of the accomplice be corroborated in every material particular. [Cits.] Slight evidence from an extraneous source identifying the accused as a participator in the criminal act will be sufficient corroboration of the accomplice to support a verdict." *Brown v. State,* 232 Ga. 838, 840 (209 SE2d 180), quoting *Hargrove v. State,* 125 Ga. 270, 274 (54 SE 164). See also *Hill v. State,* 237 Ga. 523 (2).

The evidence presented in this case did not demand a verdict of acquittal. There was ample independent corroborating evidence connecting the accused with participation in the crime. He was driving the automobile in which an identified accomplice was riding shortly after the crime; a BB rifle was retrieved from the rear seat; the victim identified the automobile as the "getaway car."

*Stephens v. State,* 56 Ga. App. 9 (192 SE 78). See also *Merino v. State,* 230 Ga. 604, supra; *Hall v. State,* 135 Ga. App. 690 (218 SE2d 687).

3. Defendant contends his conviction rests on circumstantial evidence which does not exclude every reasonable hypothesis save that of the guilt of the accused. This contention fails to take into account the direct testimony of Chancey. It is therefore without merit.

4. Defendant contends the court erred in neglecting to charge—without request—that the defendant's failure to testify created no presumption against him. Our Supreme Court dealt with the manner in which the trial court should handle the matter of defendant's failure to take the stand in three cases. They are *Woodard v. State,* 234 Ga. 901 (218 SE2d 629); *Stapleton v. State,* 235 Ga. 513 (220 SE2d 269); and *Clay v. State,* 236 Ga. 398 (224 SE2d 14). Their conclusion as expressed in the *Clay* case is "[T]hat when a proper charge on this subject is timely requested by the defendant, it is error for the trial judge to fail to give it." In all three of these cases the court pointed out that it was not error to fail to so charge in the absence of a proper and timely request. In doing so the Supreme Court adhered to the older decision of *Dixon v. State,* 224 Ga. 636 (3) (163 SE2d 737).

As appellant did not comply with the essential requirement,—to wit, a proper and timely request—we must hold there is no merit in this enumeration.

5. We find no merit in the 14th enumeration of error as to the charge. As given it was a correct statement of the law. *Callaway v. State,* 151 Ga. 342 (106 SE 577).

6. Defendant asserts the court committed error in failing to exclude evidence of Chancey and Hamby's acts and declarations since a prima facie case of conspiracy had not been made at that time. "While it may generally be the better practice to require a prima facie case of conspiracy first to be made, before admitting evidence of the acts and declarations of one of the alleged conspirators, there is no inflexible rule to that effect. The trial court has some discretion as to the order in which testimony may be introduced; and if a prima facie case of conspiracy is shown from the whole evidence, the admitting of such testimony is not error." *Coleman v.*

*State,* 141 Ga. 731, 733 (82 SE 228); *Fallings v. State,* 232 Ga. 798 (209 SE2d 151).

7. Contrary to defendant's contention, the victim's declarations, made shortly after the commission of the crime and as a natural consequence thereof, were admissible in evidence as part of the res gestae. Code § 38-305; *Lampkin v. State,* 87 Ga. 516 (4) (13 SE 523).

8. We have carefully considered the remaining enumerations of error and find them to be without merit.

*Judgment affirmed. Bell, C. J., and Stolz, J., concur.*

ARGUED SEPTEMBER 21, 1976 — DECIDED NOVEMBER 5, 1976 — REHEARING DENIED DECEMBER 1, 1976.

*Hirsch Friedman,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Donald J. Stein, Assistant District Attorneys,* for appellee.