63390. BAGLEY v. THE STATE.

QUILLIAN, Chief Judge.

The defendant, Jerry Bagley, a used car dealer, appeals his conviction of fifteen counts of forgery of bills of sale on cars sold by him.

In February 1980, the Sheriff of Forsyth County was investigating Farrish Holbrook for theft of a large number of motor vehicles — more than 100. The Georgia Bureau of Investigation was assisting the sheriff's office. Because Bagley had purchased 87 cars from Holbrook, deputy sheriff Adams of Forsyth County requested permission of the defendant to examine his records and was referred to the defendant's lawyer. After a conversation with the defendant's attorney the records were released to Adams who turned them over to GBI agent Severs. Severs testified that when he examined the records it was evident they did not accurately reflect the person to whom the vehicles had been sold. Shortly thereafter agents of the sales tax division of the Georgia Revenue Department appeared at defendant's place of business and began an audit and demanded his

records. The records were returned to the defendant but a few weeks thereafter deputy sheriff Adams again requested the defendant and his attorney to surrender his records to the sheriff. Adams stated that all stolen cars had not been recovered and the records were needed "to locate cars." The records were again turned over to the sheriff.

The records revealed that defendant had been selling cars retail to individuals and making bills of sale to indicate the cars had been sold wholesale to used car dealers. The Georgia sales tax is imposed on retail sales of cars — not those sold wholesale. See Code Ann. § 91A-4502 (a) (Ga. L. 1978, pp. 309, 610; 1980, pp. 10, 26). The defendant reached an agreement with, and paid in full, the sales tax division on the amount of taxes owed. He appeals his conviction for the forgery of the bills of sale. *Held:*

Defendant enumerates two errors — both dealing with the same subject matter. He contends the trial court erred in admitting evidence obtained from the defendant without first obtaining a valid search warrant. Concomitantly he argues that the court also erred in denying his motion to suppress such evidence. We find no reversible error and affirm.

Counsel for defendant argues that he was fraudulently induced to agree to the release of the defendant's records to the police after being advised by Adams "the sole purpose of obtaining Bagley's records was in respect to the investigation concerning Holbrook and that Jerry Bagley was under no suspicion . . ." and the records were turned over only after they "received assurances from both Sgt. Adams and Sheriff Walraven that they would not be used in any manner to implicate Mr. Bagley or be used against Mr. Bagley." The state argues that the defendant consented to the release of his records. And, even if he didn't consent he was obligated to furnish them under state law. Further, they consider any error to be harmless because the defendant confessed his guilt on the stand during the trial.

Defendant presents three arguments. Citing Amos v. United States, 255 U. S. 313 (41 SC 266, 65 LE 654), he asserts that if the prosecution relies on consent "it must affirmatively appear that such consent was not coerced by either explicit or implicit means or by implied threat or covert force, no matter how subtly applied." Secondly, he claims that if such consent was given it was of a limited nature, restricted to the purpose given, i.e., to locate stolen cars, and only after assurances that such records would not be used against him, and admission of this evidence violated Schneckloth v. Bustamonte, 412 U. S. 218 (93 SC 2041, 36 LE2d 854). Thirdly, he alleges that the state has the burden of proving consent was freely and voluntarily given, and that burden is not discharged "by showing no

more than acquiescence to a claim of lawful authority." Bumper v. North Carolina, 391 U. S. 543 (88 SC 1788, 20 LE2d 797).

Dealing with the latter argument first — although the state has the right to inspect defendant's books under Code Ann. § 84-3915 (Ga. L. 1958, pp. 55, 61; as amended through 1968, pp. 23, 29), and Code Ann. § 91A-4525 (Ga. L. 1978, pp. 309, 630), neither Sgt. Adams nor Sheriff Walraven asserted such authority nor alluded to it in any manner in requesting defendant's records. Thus, there was no "claim of lawful authority" as in Bumper v. North Carolina, 391 U. S. 543, supra, where the police appeared at the defendant's house, announced that they had a search warrant — although none was produced, and the defendant acquiesced to the lawful claim of authority. But see United States v. Biswell, 406 U. S. 311 (92 SC 1593, 32 LE2d 87); Camara v. San Francisco, 387 U. S. 523 (87 SC 1727, 18 LE2d 930); and 18 ALRFed 734, on administrative searches (although this was not a search but an inspection of records). This argument is without merit.

Neither can we find any legal merit in defendant's second ground, i.e., he was told that his records would not be used against him. Although agent Adams advised defendant's counsel "the sole purpose of his obtaining these records" was "the investigation concerning Holbrook" and he did not "have any charges against Mr. Bagley," we have found no affirmative evidence that Sgt. Adams or Sheriff Walraven advised defendant or his counsel that Bagley's records would not be used to implicate him. Conversely, the record shows Adams denied any deception and that the records were requested solely to locate stolen cars sold by Holbrook to Bagley. Adams admitted that when he requested the records the second time he was aware the sales tax people had been auditing Bagley but he was "not interested in going into all of his sales tax records" but only wanted the records "to acquire more [stolen] cars." Thus, at this point the defendant knew the sales tax people were auditing his books, he knew that he had falsified the bills of sale, he consulted his lawyer, and after consultation with his lawyer he turned over his records to the state for a third time — the first time to Adams, the second time to the sales tax division, and the last time to Adams. Accordingly, as there is no affirmative evidence the defendant was promised immunity from use of his records against him, no show of force, physical restraint or other illegal compulsion, and there was a request for his consent to peruse his records after consultation with his lawyer, we find this argument presents no reasonable basis for reversal.

Turning to the last contention of the defendant that he was deceived by the investigating officer into releasing his records — we

also find a lack of legal merit. The government's use of deception in employing decoys and undercover agents is not illegal per se. Lewis v. United States, 385 U. S. 206, 210 (87 SC 424, 17 LE2d 312). However, an unreasonable search and seizure under the Fourth Amendment "does not necessarily involve the employment of force or coercion, but is committed when a representative of any branch or subdivision of the Government, by stealth, through social acquaintance, or in the guise of a business call, gains entrance to the house or office of a person suspected of a crime, whether in the presence or absence of the owner, and, in the owner's absence, searches for and abstracts his papers without his knowledge or consent." Gouled v. United States, 255 U. S. 298 (3) (41 SC 261, 65 LE 647). This concept was affirmed in Hoffa v. United States, 385 U. S. 293, 301 (87 SC 408, 17 LE2d 374), where the court held that "[t]he Fourth Amendment can certainly be violated by guileful as well as forcible intrusions into a constitutionally protected area." We agree. "A consent which is the product of coercion or deceit on the part of the police is invalid." *Code v. State,* 234 Ga. 90, 93 (214 SE2d 873).

Whether a consent to search was in fact voluntary, or was the product of deceit, duress, or coercion, express or implied is a question of fact to be determined by the trial court from the totality of the circumstances. Schneckloth v. Bustamonte, 412 U. S. 218, 227, supra; United States v. Mendenhall, 446 U. S. 544, 557 (100 SC 1870, 64 LE2d 497). The trial court heard the witnesses and considered all the evidence presented, and implicit in his ruling denying the motion to suppress, and admitting the evidence, is that there was no unlawful deceit, duress, or coercion. That finding is supported by the evidence of record. *Brand v. State,* 129 Ga. App. 747, 748 (201 SE2d 180); *Woodruff v. State,* 233 Ga. 840, 844 (213 SE2d 689).

We need not reach the argument of the state that the admission of the evidence, if error, was harmless. The defendant did not contest his guilt and in fact judicially confessed to the offenses charged. However, if his judicial confession was induced to overcome the impact of illegally obtained evidence then the U. S. Supreme Court has held that the state has the burden of showing its illegal action did not induce his testimony. Harrison v. United States, 392 U. S. 219 (88 SC 2008, 20 LE2d 1047). As there was no illegally obtained evidence this argument is not applicable.

*Judgment affirmed. Shulman, P. J., and Carley, J., concur.*

DECIDED FEBRUARY 19, 1982 —
REHEARING DENIED MARCH 17, 1982.

*Robert J. Reed, B. Andrew Prince,* for appellant.

*Rafe Banks III, District Attorney,* for appellee.