A91A1983. BAILEY v. THE STATE.
(414 SE2d 330)

BEASLEY, Judge.

Appellant was convicted of DUI. OCGA § 40-6-391 (a) (4). The trial court granted his motion to enter a plea of guilty and allowed reservation of the right to appeal the denial of his motion to suppress.

A Rockdale County deputy sheriff observed appellant turn into the entrance to a church at approximately 8:05 p.m. on December 31, 1990. Although nighttime activities are regularly held at the church, it was closed. After seeing appellant enter the church's darkened, vacant parking lot, the deputy turned into another entrance to make sure nothing illegal was happening. Appellant parked his car in the far back corner of the parking lot away from the church. He turned off his car's motor and headlights and leaned down in his seat. This movement aroused the deputy's suspicion, because appellant did not turn on the car's interior lights, which people generally do if they are searching for something lost. The deputy approached appellant's car

and asked to see his driver's license and proof of insurance. He detected the strong odor of an alcoholic beverage. Appellant granted permission for a field sobriety test, with the resulting DUI charge.

The trial court denied the motion to suppress in an order stating, "[A]rticulable suspicion existed for the initial inquiry by the police officer. The articulable suspicion was generated by the conduct of the defendant in leaning down in the front seat so as to be out of the view of the police officer. The officer could have reasonably concluded that the defendant was perhaps trying to hide. Additionally, the officer had a right to patrol in the area that he was patrolling in at the time the defendant leaned down."

Appellant argues that the officer's pursuit and detention of him were legally unauthorized because the officer did not have an articulable or reasonable suspicion of criminal wrongdoing, and the trial court erred in not suppressing the evidence which formed the basis of probable cause for arrest after unlawful detention.

Momentary detention and questioning do not have to be based on probable cause to believe there has been criminal wrongdoing. "Since acts of peace officers in detaining and questioning a citizen are necessarily a curtailment of his right to go about his business unmolested, and since also investigation and questioning are necessary elements of crime prevention and detection, the exigencies of the situation as they reasonably appear at the time must dictate the extent of intrusion into constitutionally protected areas. Momentary detention and questioning are permissible if based upon specific and articulable facts which, taken together with rational inferences from those facts, justify a reasonable course of inquiry not based on mere inclination, caprice, or harassment." *Brooks v. State*, 129 Ga. App. 109 (198 SE2d 892) (1973).

Appellant's furtive and suspicious movements on the deserted church property at night justified a reasonable course of inquiry, which the officer undertook. The action of the officer, in approaching the parked car, which he did not stop, and questioning appellant, was not based on mere inclination, caprice, or harassment.

The facts of this case are distinguished from those in *Brooks*, supra, which held: "The mere fact that a motor vehicle turns off from a main highway to a side road at night, there being no rational ground for suspicion that it is connected with any law violation, does not justify its pursuit and detention." 129 Ga. App. at 109. *Holtzendorf v. State*, 125 Ga. App. 747, 749 (188 SE2d 879) (1972), is also different. It held that the detention and search of the defendant exceeded Fourth Amendment standards, because the arresting officers "stopped the defendant and his companion while the latter were engaged in the perfectly lawful activity of walking on the sidewalk and indulging in no furtive or suspicious conduct of any kind."

"On motion to suppress evidence, the trial judge sits as the trior of the facts, hears the evidence, and [the judge's] findings . . . are analogous to the verdict of a jury and should not be disturbed by a reviewing court if there is any evidence to support [them]." *State v. Swift*, 232 Ga. 535, 536 (207 SE2d 459) (1974). The evidence supports the trial court's denial of appellant's motion to suppress.

*Judgment affirmed. Carley, P. J., and Judge Arnold Shulman concur.*

DECIDED JANUARY 6, 1992.

*William Schneider*, for appellant.
*Nancy N. Bills, Solicitor*, for appellee.