## 33046. MORGAN v. THE STATE.

HALL, Justice.

This is the direct appeal of the conviction and death sentence of Alphonso Morgan, who was convicted in Richmond County Superior Court for the armed robbery, kidnapping and murder of James Gray. Appellant was given a twenty-year sentence for kidnapping, a concurrent life sentence for armed robbery, and the death penalty for murder.

*I. Summary of the Evidence*

The state presented evidence from which the jury was entitled to find the following:

On August 22, 1976, at 11:30 p.m., the victim James

Gray was driving to his job as night superintendent at the Graniteville Company in South Carolina. When he stopped at an intersection, appellant Morgan, Jose High and Judson Ruffin approached Gray's truck. One of the co-indictees got into the truck with Gray, and, pointing a sawed-off shotgun at him, forced the victim to follow Ruffin's automobile. Somewhere in Georgia, the victim was taken out of his truck and put into the trunk of Ruffin's automobile. The co-indictees then drove their victim to the south end of Bush Field in Richmond County.

Morgan and his companions pulled Gray out of the truck, took ninety dollars from his wallet and told him that they were going to kill him. They took off the victim's shirt and tied it around his head like a blindfold. While Gray was begging for his life, Morgan pulled the sawed-off shotgun to his face and pulled the trigger.

## II. Enumerations of Error

1. In his first enumeration of error, appellant complains that the trial court erred in failing to have a hearing on a motion to suppress the oral confession of appellant, and in allowing the confession to be admitted into evidence.

The trial transcript shows that a Jackson v. Denno hearing was held to determine the admissibility of appellant's confession. The state called the arresting officer who testified that appellant was given the Miranda warnings at the time of arrest. Before any more testimony was heard, the jury was excused and the judge heard evidence on the voluntariness of statements made by appellant to the arresting officer. Also considered at that time was the legality of appellant's arrest. At the close of the hearing the judge ruled to allow introduction of the confession. This constituted a ruling that appellant's arrest was legal as well as a decision that the confession was freely and voluntarily given.

Appellant contends that his warrantless arrest was illegal because there was no probable cause to support it, and that his subsequent confession should have been excluded from the jury's consideration on the basis that it was the product of an illegal arrest. See Brown v. Illinois, 422 U.S. 590 (1975); Wong Sun v. United States, 371 U. S. 471 (1963).

At the time of appellant's arrest, police authorities were involved in the investigation of a number of homicides, rapes, kidnappings and robberies in which the modus operandi was similar. The victims were placed in the trunk of a car and taken to an isolated area; the victims were blindfolded and a shotgun was used to threaten or kill the victims.

Jose High was arrested on Friday evening, August 27, 1976, in connection with the investigation. He confessed to numerous crimes, including the murder of James Gray. High expressly named appellant as being responsible for Gray's murder. This information was learned in the early morning hours of August 28, 1976. Police officers, fearing that appellant might flee if he learned of High's arrest, immediately went to appellant's address as furnished to them by High, and placed appellant under arrest.

In view of the circumstances, we believe that appellant's arrest falls within the purview of Code Ann. § 27-207 which authorizes a warrantless arrest of one where it appears that there is likely to be a failure of justice for want of an officer to issue a warrant. There appears to be no question that the police, at the time of arrest, had probable cause to arrest appellant. As the result of High's confession, which incriminating statements were consistent with information the officers had gained from independent investigation, the officers had reasonably trustworthy information to conclude that appellant was involved in the murder of James Gray.

"Whether [an] arrest [is] constitutionally valid depends. . . upon whether, at the moment the arrest was made, the officers had probable cause to make it — whether at that moment the facts and circumstances within their knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense." Beck v. Ohio, 379 U.S. 89, 91 (1964); Brinegar v. United States, 338 U.S. 160 (1949); Henry v. United States, 361 U.S. 98 (1959).

Appellant attaches to his brief an order of the Superior Court of Richmond County sustaining a motion

to suppress filed on behalf of Jose High, appellant's co-indictee, challenging High's arrest. This ruling was reversed on appeal to the Court of Appeals in *State v. High*, 145 Ga. App. 772 (1978), where the court found High's arrest to be based on probable cause at the time it was made and to be legal even though made without a warrant. Therefore, no Wong Sun v. United States, supra, issue is presented by High's confession implicating appellant.

We conclude that the record clearly establishes that police officers had probable cause to arrest appellant, and that due to exigent circumstances there was a likelihood that there would have been a failure of justice had the police delayed in making the arrest of appellant. Appellant's subsequent confession was admissible and it was not error for the trial court to so rule.

2. There was sufficient evidence to sustain the verdict. The general grounds present no basis for reversal. *Cunningham v. State,* 235 Ga. 126 (218 SE2d 854) (1975); *Fleming v. State,* 240 Ga. 142 (240 SE2d 37) (1977).

3. We find no error in the trial court's charge to the jury relating to the sentencing phase of the trial. *Spivey v. State,* 241 Ga. 477 (1978).

### III. Death Sentence Review

4. After reviewing the entire record and transcript and considering the foregoing enumerations of error, we conclude that the sentence of death imposed on Alphonso Morgan was not imposed under the influence of passion, prejudice or any other arbitrary factor.

5. The jury found the following statutory aggravating circumstance: "The offense of murder was outrageously or wantonly vile, horrible or inhumane in that it involved torture, depravity of mind, or an aggravated battery to the victim." Code Ann. § 27-2534.1 (b) (7). This aggravating circumstance is supported by the evidence.

6. In reviewing the death penalty in this case, we have considered the cases appealed to this court since January 1, 1970, in which a death or life sentence was imposed for murder, and we find the similar cases listed in the Appendix support affirmance of the death penalty.

Alphonso Morgan's sentence to death for murder is

not excessive or disproportionate considering both the crime and the defendant. Code Ann. § 27-2537 (c) (3). The verdict is factually substantiated.

*Judgment affirmed. All the Justices concur, except Hill, Bowles and Marshall, JJ., who dissent to Division 3 and the judgment.*

ARGUED JANUARY 9, 1978 — DECIDED JUNE 28, 1978.

*Nicholson & Nicholson, Chris G. Nicholson,* for appellant.

Alphonso Morgan, *pro se.*

*Richard E. Allen, District Attorney, Arthur K. Bolton, Attorney General, John W. Dunsmore, Jr., Assistant Attorney General,* for appellee.

APPENDIX.

*House v. State,* 232 Ga. 140 (205 SE2d 217) (1974); *McCorquodale v. State,* 233 Ga. 369 (211 SE2d 577) (1974); *Floyd v. State,* 233 Ga. 280 (210 SE2d 810) (1974); *Jarrell v. State,* 234 Ga. 410 (216 SE2d 258) (1975); *Berryhill v. State,* 235 Ga. 549 (221 SE2d 185) (1975); *Birt v. State,* 236 Ga. 815 (225 SE2d 248) (1976); *Gibson v. State,* 236 Ga. 874 (226 SE2d 63) (1976); *Harris v. State,* 237 Ga. 718 (230 SE2d 1) (1976); *Young v. State,* 237 Ga. 852 (230 SE2d 287) (1976); *Dix v. State,* 238 Ga. 209 (232 SE2d 47) (1976); *Blake v. State,* 239 Ga. 292 (236 SE2d 637) (1977); *Young v. State,* 239 Ga. 53 (236 SE2d 1) (1977); *Stanley v. State,* 240 Ga. 341 (241 SE2d 173) (1977); *Thomas v. State,* 240 Ga. 393 (242 SE2d 1) (1977).

BOWLES, Justice, dissenting.

I cannot agree with the majority that the trial court's charge to the jury in the sentencing phase was sufficient under the rule we recently set forth in *Spivey v. State,* 241 Ga. 477 (1978), and as first formulated in *Fleming v. State,* 240 Ga. 142, 147 (240 SE2d 37) (1977).

In *Fleming* the following statements were given in the charge to the jury during the sentencing phase, "[In] the event your verdict is life imprisonment the

punishment the Defendant would receive would be imprisonment in the penitentiary for life. And, of course, if you found that there was evidence in extenuation or mitigation then you could fix his punishment at life imprisonment . . . Now, if you do not find that there was one or more aggravating circumstances, which I've just read to you, then the form of your verdict would be, 'We, the Jury, fix punishment at life.' Now whatever your verdict is — or if you found that there was evidence in extenuation or mitigation, you could fix punishment at life."

We reversed Fleming's death sentence because of a finding that the trial court failed to make clear to the jury that they could recommend a life sentence even if they found the existence of a statutory aggravating circumstance.

In Spivey v. State, supra, we approved the following charge as making clear to the jury that it could recommend a life sentence even though it found a statutory aggravating circumstance: "It is now your duty to determine, within the limits prescribed by law, the penalty that shall be imposed as punishment for that offense. In reaching this determination you are authorized to consider all of the evidence received by you in open court, and both phases of the trial. You are authorized to consider all facts and circumstances of the case. . . You must first consider and find beyond a reasonable doubt that the . . . murder happen[ed] while in the perpetration of another capital felony. . . If you find that to exist, then you shall so indicate in writing, then you will determine whether or not you will impose the death penalty, and your verdict then will be one of two, 'We the jury recommend the death penalty' or 'We the jury do not recommend the death penalty.' This is a matter for your determination, ladies and gentlemen."

The majority has now gone so far as to approve the following charge given during the sentencing phase of Morgan's trial:

"Now, ladies and gentlemen of the jury, you having found the defendant guilty of murder, and armed robbery, and kidnapping, the Court will impose sentence with reference to the armed robbery and kidnapping, but you

having found the defendant guilty of the offense of murder, it is now your duty to determine within the limits prescribed by law the penalty that shall be imposed as punishment for that offense. In reaching this determination, you should consider all of the evidence received by you in open court in both phases of the trial. You should consider all of the facts and circumstances of the case, including any mitigating or aggravating circumstances.

"Under the laws of this State, every person guilty of the offense of murder shall be punished by death by electrocution, or by life in the penitentiary. In the event that your verdict is life imprisonment, the punishment the defendant would receive would be imprisonment in the penitentiary for and during the remainder of his natural life. If that be your verdict, you would add, following the verdict already found by you, an additional verdict as follows: We fix his punishment as life imprisonment for the offense of murder, to be served concurrently or consecutively with any other sentence, as you may determine. You may, however, if you see fit and if such be your verdict, fix his punishment as death, which would require a sentence by the Court of death by electrocution. If that be your verdict, you would add following the verdict already found by you an additional verdict as follows: We recommend his punishment as death for the offense of murder.

"I charge you that before you would be authorized to find a verdict fixing a sentence of death by electrocution for the offense of murder, you must find upon the evidence statutory aggravating circumstance or circumstances sufficient to authorize such penalty."

To my mind, the approval of this charge is to completely erase the standard for review we have set for ourselves in *Fleming* and *Spivey,* and to ignore the spirit of the law as formulated by the legislature in Code Ann. § 27-2534.1. In the instant case I find no suggestion given to the jury that they may nevertheless show mercy to the defendant even though they find a statutory aggravating circumstance.

I cannot with clear conscience affirm the death sentence in this case when the charge here is considered in

the light of *Fleming v. State,* supra. Therefore, I respectfully dissent to the judgment of affirmance in the punishment phase of the majority opinion.

I am authorized to state that Justice Hill and Justice Marshall join in this dissent.