## 58696. GRANT v. THE STATE.

DEEN, Chief Judge.

1. An arrest warrant is valid only against the person named in it. "[A]n officer arresting one not bearing the name set forth in the warrant acts at his peril." *Blocker v. Clark,* 126 Ga. 484, 487 (54 SE 1022) (1906). And even though he acted in good faith in arresting another than the person named, the warrant will not justify the action. West v. Cabell, 153 U. S. 78 (14 SC 752, 38 LE 643) (1893).

2. An arrest without a valid warrant to detain the defendant places the detention in the same category as an arrest without a warrant. "Evidence procured in connection with a search made under an illegal warrant is inadmissible unless it appears that a crime was being committed in the presence of the officer and that the search was incidental to an arrest therefor." *Johnson v. State,* 111 Ga. App. 298 (2) (141 SE2d 574) (1965), and to the same effect see *Harper v. State,* 135 Ga. App. 924 (219 SE2d 636) (1975); *Bethea v. State,* 127 Ga. App. 97 (192 SE2d 554) (1972). As Judge Clark pointed out in *State v. Koon,* 133 Ga. App. 685 (211 SE2d 924) (1975), liberty is a sacred right which cannot be infringed except by legal sanction; except for the exceptions of Code § 27-207 a warrant is required to make an arrest legal, and if the arrest so measured is not legal when made, it cannot be legitimated by the fruit of a subsequent search.

3. In the present case the police, armed with a warrant for the arrest for the offense of battery of one Tony Dean, who had been described to them as occupying the corner house at Quilley and 9th Streets, went to that address. The house in question was unfortunately a duplex; the defendant Terry Lee Grant (who, according to the officer seemed to answer a description given him) lived in another apartment and had never heard of Dean. He was nevertheless placed under arrest and searched and less than an ounce of marijuana was then found concealed on his person. For this offense he was tried and convicted. The conviction, based as it is on an illegal

arrest and search, must be set aside because it was error over objection to allow in evidence the substance so seized.

*Judgment reversed. Shulman and Carley, JJ., concur.*

SUBMITTED OCTOBER 3, 1979 — DECIDED NOVEMBER 9, 1979.

*Andrew J. Whalen, III,* for appellant.
*John T. Newton, Jr., Solicitor,* for appellee.