## 60285. FLOYD v. THE STATE.

McMurray, Presiding Judge.

Defendant was indicted and convicted of the offenses of burglary and theft of a motor vehicle. Defendant appeals, enumerating as error the trial court's permitting the examination of a witness who remained in the courtroom after the rule of sequestration had been invoked and the trial court's denial of his motion to suppress. *Held:*

1. The record contains no transcript of the hearing of defendant's pre-trial motion to suppress. However, the record does contain the transcript of the trial at which an objection to the introduction of the evidence was renewed and another hearing, outside the presence of the jury, was held on the admissibility of the evidence. The trial judge was not the same judge who had ruled on the pre-trial motion to suppress. Defendant's objection to the evidence was overruled by the trial judge after the hearing at trial as to its admissibility. The transcript of the hearing as to the admissibility of the evidence which occurred during the trial contains evidence in regard to an officer's testimony with reference to the fact that defendant was arrested for violation of probation, the reading of rights to the defendant, and that while in the bedroom, where the defendant asked that he might go to dress, the evidence was seized. The officer testified that the reason he went to the rear of the dwelling with the defendant while he dressed was "[f]or my own safety, to not allow him a chance to obtain any type of weapon." At that time a quantity of silver change was seized, and also a small paper bag lying on the floor, and a pair of shoes "covered in sand, grass and grass seed ... [which were] ... also very wet." The defendant was then allowed to testify and both the state's counsel and defendant's counsel were allowed to argue the issue, the state arguing that the articles were in plain view and that this was not a search; and the trial court overruled the objection.

The defendant has not complained of the absence of any transcript of the hearing on the pre-trial motion to suppress. Nor has the defendant argued that the evidence heard by the trial court, outside the presence of the jury, was to any degree different from that heard by another judge on the pre-trial motion to suppress. Furthermore, the defendant's brief in support of his appeal makes sole reference to certain portions of the trial transcript as constituting the specific complained error.

Under *Davis v. State,* 242 Ga. 901, 903 (1) (252 SE2d 443), the Supreme Court citing *Stephens v. Hopper,* 241 Ga. 596, 601 (2) (247 SE2d 92) reiterates the age-old requirement on appeal that the

appellant must point out the harmful or prejudicial matter which may have occurred; that is, to show not only error but harmful error. This has not occurred in this case.

But in addition to the above, *defendant points out in his brief that at trial* (before another judge who had not heard the pre-trial motion to suppress) "the objection to the introduction of the evidence was renewed and *another hearing was held on the admissiblity of the evidence . . . again, the . . . objection was overruled."* (Emphasis supplied.) The brief points to the pages of the transcript where this occurred with the jury out of the room.

Based upon the above the trial court did not err in denying the motion to suppress.

2. The trial judge at all times has control of the court and the witnesses. It is always within the discretion of the trial court to allow a witness to testify. The trial court here did not abuse its discretion in allowing the officer witness to testify in rebuttal after remaining in the courtroom in violation of the rule of sequestration which had been invoked. See *Larkins v. State,* 230 Ga. 418 (1) (197 SE2d 367), and cases cited therein.

*Judgment affirmed. Deen, C. J., Shulman, Banke, Birdsong, Carley and Sognier, JJ., concur. Quillian, P. J., concurs in the majority opinion and filed a special concurrence in which Shulman, Birdsong, Carley and Sognier, JJ., join. Smith, J., dissents.*

SUBMITTED JULY 2, 1980 — DECIDED DECEMBER 5, 1980.

F. Bradford Wilson, Jr., for appellant.
W. Donald Thompson, District Attorney, Willis B. Sparks, III, Assistant District Attorney, for appellee.

QUILLIAN, Presiding Judge, concurring specially.

While I agree with all that is said in the majority opinion I concur for a further reason. The record reveals that the trial judge during the course of the trial excused the jury and in effect had another hearing on the admissibility of the evidence which was the subject of the motion to suppress which was fully transcribed. After hearing the evidence the trial judge overruled the objections to the admission of the evidence. The hearing of the evidence and his ruling thereon was tantamount to a second hearing on the motion to suppress. Therefore, his ruling superseded the prior order on the motion to suppress and rendered the prior hearing and the ruling thereof moot and as a consequence the absence of the transcript of the first hearing would be harmless.

I am authorized to state that Shulman, Birdsong, Carley and Sognier, JJ., concur in this special concurrence.

SMITH, Judge, concurring in part and dissenting in part.

While I agree with the majority that the violation of the rule of sequestration does not necessitate reversal, I cannot accept the conclusions reached with respect to the appellant's motion to suppress.

Appellant contends that his motion to suppress should have been granted because the items seized were discovered in his home as a result of an illegal warrantless arrest. In response, the state argues that the ruling on the motion to suppress cannot be reviewed by this court since no transcript of the pretrial hearing before Judge Johnson is included in the record. "This ruling," the state contends, "became the law of the case and was binding upon Judge Morgan who presided at the trial."

As can best be determined from the trial record the facts relevant to the motion to suppress are as follows: On September 4, 1979, at approximately 2:40 a.m., a Macon police officer discovered what he believed to be a burglary at Binswanger Glass Company. Coins had been removed from a soft-drink machine and gasoline had been taken from a pump. The perpetrator apparently gained access by scaling a 7 foot high fence topped with barbed wire and made his escape by crashing through the gate with a stolen company truck. A Binswanger truck was spotted driving about town, and a high-speed chase ensued. The truck overturned, but its driver escaped. On the seat of the truck, a wallet was discovered. It contained a driver's license and other papers bearing appellant's name, picture and address. Fresh grass clippings from the wet ground surrounding the truck adhered to the investigating officer's shoes.

The police went to the address listed on the driver's license. Appellant's sister informed the police that appellant had moved to a nearby address. Before going to the new address, the police made a computer check of appellant by telephone and were advised that a warrant was outstanding against him for a probation violation.

The police arrived at appellant's address at 4:30 or 5:30 a.m. Appellant answered the door in his underwear. He had several fresh scratches and bruises on his arms and shoulders and was stooped over like he was "in some type of pain." Appellant was advised that he was under arrest for a probation violation and asked to step outside and place his hands against the wall.

The testimony is in conflict as to what occurred at this point. A police officer testified that appellant asked if he could go into the house and put on some clothes. The officer said "it was fine with me,"

but informed appellant that "I'd have to go with him." According to the officer, appellant said "okay," and they proceeded to appellant's bedroom. Appellant contends that the officer asked him if he wanted to put on some clothes, that he responded in the affirmative, and that, when he went to do so, the police followed him into the house.

In the bedroom, the police observed "a large pile of silver change" sitting atop the dresser. They also observed a pair of shoes that were wet and coated with grass cuttings. The police took possession of these items.

Subsequently, it was learned that there was no outstanding warrant against appellant for a probation violation.

The crucial time period in reviewing appellant's contentions with respect to the legality of his arrest is the time preceding the arrival of the police at appellant's residence.[1] Although Judge Morgan heard testimony outside the presence of the jury which detailed events transpiring *after* the police arrived at appellant's residence, there was no "rehearing" as to events occurring prior to the arrival of the police.[2] An evaluation of the events preceding appellant's arrest must therefore depend on the testimony offered at trial. This testimony was directed to the question of appellant's guilt, not to the issues raised in the motion to suppress. As I cannot determine whether the evidence presented *at trial* is complete insofar as it relates to the merits of appellant's motion to suppress, I must agree with the state that, due to an absence of a transcript, the denial of the motion to suppress cannot be adequately reviewed by this court.

However, I do not believe the lack of a transcript of the suppression hearing mandates affirmance. "[A]n appellant . . . who appeals his felony conviction, and states in his notice of appeal that a transcript is to be transmitted as part of the appellate record, has a continuing duty under [Code Ann. §] 6-806, to request, at the time that he files his notice of appeal, the court reporter to transcribe the reported testimony." *State v. Hart,* 246 Ga. 212, 213 (271 SE2d 133) (1980). Appellant has met this requirement, as he made a "request for

---

[1] The state contends a warrantless arrest was authorized because the police "were in fresh pursuit and the delay necessary to obtain a warrant would most likely produce a failure of justice." It is only through an examination of the time period preceding appellant's arrest that these contentions can be addressed. See *Morgan v. State,* 241 Ga. 485, 487 (246 SE2d 198) (1978); *Creamer v. State,* 150 Ga. App. 458, 461-463 (258 SE2d 212) (1979).

[2] During the "rehearing," some references were made to the pre-arrest actions of the police. However, the focus of the "rehearing" was clearly on events transpiring after the police arrived at appellant's home. The events occurring prior to this time were not examined in any detail.

transcript" of "all testimony in case" and "all pretrial motions," which was acknowledged by the official court reporter. Appellant's notice of appeal states: "The Clerk will please transmit the entire record to the Court of Appeals, omitting nothing. A copy of the transcript of evidence and proceedings will be filed for inclusion on appeal." Thus, "it [was] the duty of the state to file the transcript after a guilty verdict ha[d] been returned in [this] felony case." *Wade v. State,* 231 Ga. 131, 133 (200 SE2d 271) (1973); see also *State v. Graham,* 246 Ga. 341, 343 (271 SE2d 627) (1980). The failure of the state to do so, "effectively denied the appellant his right to appeal." *Parrott v. State,* 134 Ga. App. 160, 161 (214 SE2d 3) (1975); *McElwee v. State,* 147 Ga. App. 84, 85 (248 SE2d 162) (1978). As appellant has raised the denial of his motion to suppress in his enumerations of error, I believe the absence of a transcript of the suppression hearing before Judge Johnson requires reversal. In my view, appellant's erroneous belief that the evidence adduced at trial was sufficient to establish the illegality of his arrest as a matter of law should not deprive him of meaningful appellate review.

However, assuming arguendo, that the "rehearing" and ruling thereon superseded the prior hearing and rendered it moot, I must conclude that the motion to suppress should have been granted.

Code § 27-207 (a) provides: "An arrest for a crime may be made by an officer, either under a warrant, or *without a warrant if the offense is committed in his presence or the offender is endeavoring to escape, or for other cause there is likely to be failure of justice for want of an officer to issue a warrant.*" (Emphasis supplied.) "An arrest without a valid warrant to detain the defendant places the detention in the same category as an arrest without a warrant." *Grant v. State,* 152 Ga. App. 258 (262 SE2d 553) (1979).

Appellant's arrest at his home on an admittedly invalid warrant must be deemed a warrantless arrest. The post facto justification for the warrantless arrest offered by the state, that the police "were in fresh pursuit and the delay necessary to obtain a warrant would most likely produce a failure of justice," is unsupported by the record. The perpetrator had escaped, and the police were no longer "on his trail." There were no reports that appellant had entered his residence. Under these circumstances, the warrantless arrest was not justified, by the exigencies of "hot pursuit." See Warden v. Hayden, 387 U. S. 294, 298-299 (87 SC 1642, 18 LE2d 782) (1967); United States v. Scott, 520 F2d 697 (9th Cir. 1975); *Hall v. State,* 135 Ga. App. 690, 691 (218 SE2d 687) (1975). Furthermore, no evidence was presented to substantiate the state's position that a "failure of justice" would likely occur if the police had to obtain a warrant. See *Morgan v. State,* supra (fn. 1). On the basis of the evidence before this court, it is clear

that the sole reason for the failure to procure a valid warrant was the mistaken belief on the part of the police that they already had one.

In Payton v. New York, —- U. S. —- (100 SC 1371, 63 LE2d 639) (1980), the United States Supreme Court held that, absent exigent circumstances, a warrantless, non-consensual entry into the home to effect an arrest is violative of the Fourth Amendment. No exigent circumstances have been shown here. Under the circumstances of this case, as shown by the record, appellant's warrantless arrest should be considered the product of an entry into his home. See United States v. Reed, 572 F2d 412 (2nd Cir. 1978); United States v. Killebrew, 560 F2d 729 (6th Cir. 1977); Commonwealth v. Williams, 483 Pa. 293 (396 A2d 1177) (1978). On the basis of the record before this court, the motion to suppress should have been granted.