STATE of Iowa, Plaintiff-Appellee,

v.

Donald Devern PAYTON II, Defendant-Appellant.

No. 85–1152.

Court of Appeals of Iowa.

Dec. 23, 1986.

Charles Harrington, Appellate Defender, and Deborah A. Goins, Asst. Appellate Defender, for defendant-appellant.

Thomas J. Miller, Atty. Gen., Christie J. Scase, Asst. Atty. Gen., and Richard A. Williams, Asst. Co. Atty., for plaintiff-appellee.

Heard by DONIELSON, P.J., and HAYDEN and SACKETT, JJ.

SACKETT, Judge.

Defendant Donald Devern Payton II appeals from his conviction for unauthorized possession of offensive weapons, in violation of Iowa Code § 724.3 (1983), receipt, transportation and possession of firearms by a felon in violation of Iowa Code § 724.26 (1983), and carrying weapons in violation of Iowa Code § 724.4 (1983). He contends (1) his arrest based on a mistaken identity is an illegal arrest so as to warrant suppression of evidence seized as a result of an impoundment search, and (2) the trial court abused its discretion in denying his request for a mistrial.

Defendant was seen by a police officer traveling on a Des Moines city street in a van. The officer believed the van to be traveling in excess of the posted speed. The officer stopped the van, determined it had no license plates and a temporary paper plate was incorrectly filled out. The defendant was asked for his driver's license but gave the officer a Department of Transportation form. The officer ran a license check based on the name on the form, Donald Devern Payton II. The check resulted in a determination that a Donald Payton had an outstanding warrant on a parking ticket and a driver's license suspension notice which had not been served. Defendant was arrested on the warrant. His van was seized and searched where the guns forming the basis for the charge were discovered. It was later determined the outstanding parking warrant was against defendant's father and the charge was dismissed as to the defendant.

Defendant moved to suppress the guns seized during the search claiming the search was the result of an illegal arrest. An arrest is valid when the police have probable cause to arrest one party and they reasonably mistake a second party for the first party. See Hill v. California, 401 U.S. 797, 802, 91 S.Ct. 1106, 1110, 28 L.Ed.2d 484, 488–89 (1971).

It is not questioned the police had probable cause to arrest defendant's father. The question, therefore, is whether there was a reasonable basis to have mistaken defendant for his father. Generally evidence is properly admissible against a person mistakenly arrested if (1) the arresting officer acts in good faith and (2) has reasonable, articulable grounds to believe the suspect

is the intended arrestee. *See Sanders v. United States*, 339 A.2d 373 (D.C.1975); *State v. Lee*, 97 Wis.2d 679, 294 N.W.2d 547 (App.1980). Sufficient probability, not certainty, is the touchstone of reasonableness under the Fourth Amendment. *Hill*, 401 U.S. at 804, 91 S.Ct. at 1112, 28 L.Ed.2d at 490. The issue is whether the mistake was understandable and the arrest a reasonable response to the situation facing the officer at the time. *Id.* In *Sanders*, the trial court determined the police had reasonable articulate grounds to believe arrestee who identified himself as Sanders was Sanders where, in addition to similar names, the men's descriptions were identical. *Sanders*, 339 A.2d at 378. *See also United States v. Sturges*, 510 F.2d 397, 401 (7th Cir.1975) (defendant was stopped based on the police officer's mistaken belief defendant was a man wanted for con games, according to a police department bulletin in the officer's squad car bearing a description and picture of the wanted person. But *see United States v. Rosario*, 543 F.2d 6, 7–8 (2nd Cir.1976) (The fact defendant was in the company of a known heroin dealer and had a common first name (Angel), also the name of a drug dealer's accomplice, did not justify the warrantless arrest of the defendant.

 We determine defendant's name, coupled with the fact he lacked a driver's license, identification and registration, support a finding the officer was acting under a reasonable belief the defendant was the person named in the parking warrant.

Defendant next contends the trial court abused its discretion in failing to grant a mistrial when a police officer testified a full-face ski mask and leather gloves were in a bowling bag found in defendant's vehicle. Defendant argues the introduction of the ski mask and gloves clearly suggests defendant used the items in other crimes. On direct examination defendant testified he put a stocking mask in his bag because he was roofing a building and it was cold. Defendant was stopped on December 23, in Iowa. It is cold in Iowa in December. This court does not accept defendant's ar-

gument that possession of a ski mask and gloves in Iowa in December clearly suggests the items were used in other crimes. It is more reasonable to accept defendant's testimony they were used to keep warm.

 We fail to find an abuse of discretion in failing to grant a mistrial. *See State v. Brewer*, 247 N.W.2d 205, 211 (Iowa 1976); *State v. Blackwell*, 238 N.W.2d 131, 138 (Iowa 1976).

We therefore affirm the trial court in all respects.

AFFIRMED.