**CITY OF TULSA, Oklahoma, a municipal corporation, Appellant,**

v.

**David CLIFFORD, Appellee.**

No. S–89–606.

Court of Criminal Appeals of Oklahoma.

Feb. 23, 1990.

Neal E. McNeill, City Atty., Larry V. Simmons, Deputy City Prosecutor, Tulsa, for appellant.

## OPINION

JOHNSON, Judge:

The facts of this State appeal are undisputed. On February 6, 1989, two Tulsa Police Officers stopped a motor vehicle for operating with an expired license tag. The owner of the vehicle, appellee, was a passenger. A routine records check revealed an outstanding warrant for a James Clifford. However, the arrest warrant contained the identical physical description and police identification number of appellee. Tulsa Police Department records also confirmed a file on appellee and showed the name of James Clifford as an alias.

When advised of the warrant, appellee claimed that James Clifford was his twin brother, who now resides in Texas. Appellee presented the officers with a birth certificate which indicated a twin birth. A drivers license check revealed an Oklahoma drivers license for James Clifford, but had no record of a David Clifford. The officers questioned another passenger in the car, who stated that he was a friend of the

appellee, but he had no knowledge of a twin.

After further discussion, the officers arrested appellee on the warrant. During an administrative search prior to booking, a plastic baggie containing marijuana was found on appellee's person. Appellee was subsequently charged with possession of marijuana. Subsequently, it was determined that the warrant on which appellee had been arrested was issued on his identical twin brother, James Clifford.

On March 8, 1989, appellee filed a Motion to Suppress in the Municipal Court of the City of Tulsa. Appellee maintained that the arrest and/or search was in violation of his constitutional rights under the Fourth and Fourteenth Amendments of the United States Constitution. A hearing was held on the motion on April 20, 1989, at which time the municipal court sustained appellee's motion to suppress. From this judgment the appellant has perfected this appeal upon a reserved question of law, pursuant to 22 O.S.1981, § 1053(3).

Appellant reserves the following question:

Where police arrest a defendant under a reasonable but mistaken belief he is the subject of a valid arrest warrant, are the fruits of a search incident to that arrest or an administrative inventory search of the defendant admissible against him despite an error as to the arrestee's identity?

We answer this question of first impression in the affirmative.

■ The arrest of a person who is mistakenly thought to be someone else is valid if the arresting officer (1) has probable cause to arrest the person sought, and (2) reasonably believed the person arrested was the person sought. *Hill v. California,* 401 U.S. 797, 802, 91 S.Ct. 1106, 1110, 28 L.Ed.2d 484 (1971). In such circumstances, the police are entitled to search the second person incident to the arrest. *Id.,* at 804, 91 S.Ct. at 1110–11, 28 L.Ed.2d at 490.

■ The police officers in this case clearly had probable cause to arrest James Clifford, as a warrant had been issued for his arrest. *See State v. Payton,* 401 N.W.2d 219, 220 (Iowa App.1986); *McCrea v. State,* 475 So.2d 1357, 1358 (Fla.App. 5 Dist.1985); *Neal v. State,* 456 So.2d 897, 898 (Fla.App. 2 Dist.1984); *State v. Smith,* 102 Wash.2d 449, 688 P.2d 146, 149 (1984); *Brown v. Patterson,* 823 F.2d 167, 169 (7th Cir.1987); *Gero v. Henault,* 740 F.2d 78, 84–5 (1st Cir.1984); *United States v. Glover,* 725 F.2d 120, 122 (D.C.Cir.1984) and *United States v. McEachern,* 675 F.2d 618 (4th Cir.1982). It should also be noted in *Hill,* 401 U.S. at 799, 28 L.Ed.2d at 487, the police officers did not have either an arrest warrant nor a search warrant. In this case, a warrant had been issued and this goes to probable cause. We must, therefore, address the remaining question as to whether their belief that appellee was James Clifford was reasonable. Sufficient probability, not certainty, is the touchstone of reasonableness under the Fourth Amendment. *Hill,* 401 U.S. at 804, 91 S.Ct. at 1112, 28 L.Ed.2d at 490. The issue is whether the mistake was understandable and the arrest a reasonable response to the situation facing the officer at the time. *Id.*

Based on the record before us, we find that the officers' mistake of arresting appellee was understandable and the arrest a reasonable response to the situation facing them at the time. Thus, the evidence seized incident to the arrest was properly admissible.

■ Clearly, we are faced with a unique situation in this case. It is hard to perceive of a more difficult case of mistaken identity than one involving identical twins. However, in cases in which doubt as to the correct identity of the subject of the warrant arises, the arresting officer should make immediate reasonable efforts to confirm or deny the applicability of the warrant to the detained individual. If, after such reasonable efforts, the officer reasonably and in good faith believes that the suspect is the one against whom the warrant is outstanding, a protective or administrative search incident to the arrest of that

person is not in violation of the Fourth Amendment. *See State v. Smith,* 102 Wash.2d 449, 688 P.2d 146, 149 (1984).

The question is decided in the favor of the State but the ruling of the municipal court will not be affected. *See State v. Williams,* 307 P.2d 163, 166 (Okl.Cr.1957).

PARKS, P.J., LANE, V.P.J., and LUMPKIN, J., concur.

BRETT, J., dissents.

BRETT, Judge, dissents:

The majority today adopts the holding under *Hill v. California* that the arrest of a person who is mistakenly thought to be someone else is valid if the arresting officer has probable cause to arrest the person sought, and he or she acted under a reasonable belief that the person arrested was the person sought. I cannot condone such a rule as it holds an inherent danger of abuse by police officers. Instead, I would adhere to the rule followed by Georgia, that an arrest warrant is valid only against the person named in it and that the warrant will not justify the arrest of a person other than the one named in it even if the arresting officer acted in good faith. *Grant v. State,* 152 Ga.App. 258, 262 S.E.2d 553 (1979).

It is true that in *Hill* the Supreme Court found an arrest similar to the one at issue here to be constitutional. However, there is nothing to preclude the states from providing more expansive individual protection than the United States Constitution provides. *See Pruneyard Shopping Center v. Robins,* 447 U.S. 74, 100 S.Ct. 2035, 64 L.Ed.2d 741 (1980). Oklahoma need not adopt a standard which allows a warrant to become a vehicle for police indiscretion thereby sanctioning the erosion of individual rights. Therefore, I respectfully dissent to the majority opinion.