A91A1447. EUDALY v. VALMET AUTOMATION (USA), INC.
(411 SE2d 311)

BIRDSONG, Presiding Judge.

James F. Eudaly filed suit in February 1990 against his former employer Valmet Automation (USA), Inc., for failure to pay sales commissions. Valmet asserted in defense a "Release," executed by Eudaly in July 1989 upon his termination from employment, and in which, on receipt of certain sums, he released Valmet for "all manner of actions, causes of action, suits, debts, duties, accounts, contracts, claims and demands whatsoever . . . including . . . all claims and demands for or with respect to salary, remuneration, commission, advances on commission, fringe benefits, vacation pay, severance allowance, [etc.]. . . ." Valmet's motion for summary judgment on grounds of this release was denied by the trial court in August 1990, on a finding of a genuine issue of fact as to fraudulent inducement to enter the release.

Time for discovery expired October 1, 1990. On October 12, 1990, Valmet moved for leave to file a counterclaim for overpayment of commissions and sought damages for breach of the release, occasioned by the suit itself filed by Eudaly. Eudaly opposed Valmet's motion to amend as untimely and sought an enlargement of time to file a pretrial order. The trial court did not rule on those motions, but on November 7, 1990, issued an order allowing Valmet to file its counterclaims.

On November 19, 1990, Eudaly moved for reconsideration of the order allowing Valmet to file counterclaims and sought to exclude admission of the release at trial. On December 6, 1990, Eudaly moved to reopen discovery relative to Valmet's counterclaims and filed an affidavit showing the necessity for discovery. None of these motions was ruled on by the trial court. On January 14, 1991, the case was called for trial. Eudaly requested a continuance to allow discovery as to Valmet's counterclaims, and asked for a ruling on the several pending motions, but the trial court denied a continuance and denied Eudaly's motion to reopen discovery, saying "I set a September deadline for motions, those motions were filed after that date."

The jury returned a verdict for the defendant Valmet on

Eudaly's claims, and on Valmet's counterclaims rendered a verdict against Eudaly in the amount of $15,115.38. Eudaly enumerates seven errors below. *Held*:

1. Generally it is a matter of the trial court's discretion whether to allow the late filing of counterclaims pursuant to OCGA § 9-11-13 (f) (see *White v. Fidelity Nat. Bank*, 188 Ga. App. 539, 540 (373 SE2d 640)), but according to its own statement at trial, the trial court had set a September 1990 deadline for motions and for the filing of a pre-trial order in this case and for that reason denied appellant Eudaly's motion to reopen discovery as to Valmet's counterclaims. That being the case, the trial court abused its discretion in entering an order on November 7 granting Valmet's motion for leave to file counterclaims some nine months after Valmet had filed its answer, and after the "September deadline for motions," in fact virtually on the eve of trial. The counterclaims were compulsory, going to the heart of plaintiff's claims as a set-off or recoupment, and were required to be filed in Valmet's original answer (OCGA § 9-11-13 (a); *Swim Dixie Pool Corp. v. Kraemer*, 157 Ga. App. 748, 749 (278 SE2d 448)) or only upon a demonstrated showing of the grounds required to be shown by OCGA § 9-11-13 (f). *Clairmont Foods v. Huddle House*, 142 Ga. App. 171 (235 SE2d 635). It was, on the face of things, neither fair nor expeditious to allow Valmet to file late counterclaims after time for discovery expired October 1, 1990, and after the court's "September deadline for motions," while at the same time using the fact of the "September deadline for motions" as the basis for denying Eudaly an opportunity to make any discovery as to those late counterclaims. Valmet argues on appeal that Eudaly had three months to make discovery after Valmet filed its motion for leave to file counterclaims, but this is patently not so, because the time for discovery had already expired when Valmet sought leave to file counterclaims, and the trial court, although allowing Valmet to file counterclaims on November 7, refused to rule on Eudaly's motion to reopen discovery because that motion was filed after the "September deadline," and for the same reason refused Eudaly a continuance at trial.

Accordingly, we rule that on the face of its statement that it had imposed a September deadline for motions and for a pre-trial order, the trial court abused its discretion in allowing Valmet to file late counterclaims after this deadline without a showing of necessity or justice pursuant to OCGA § 9-11-13 (f); and, having allowed Valmet to file late counterclaims, the trial court prima facie abused its discretion in refusing Eudaly time for discovery and for denying a continuance. Once the trial court allowed the late filing of counterclaims, it was without discretion to deny Eudaly all discovery, and the principles allowing liberal discovery applied. See generally *Morton v. Gardner*, 242 Ga. 852 (252 SE2d 413); *Bridges v. Twentieth Century*

*Travel,* 149 Ga. App. 837 (256 SE2d 102). The judgment against Eudaly on Valmet's counterclaims is reversed.

2. In view of the reversal of the verdict on Valmet's counterclaims for the reasons given in Division 1, it is unnecessary to consider appellant's contention that that verdict was not supported by sufficient evidence.

3. The trial court did not err in admitting in evidence the release. The document, neither in part nor in whole, is not void for being in restraint of trade according to *Howard Schultz & Assoc. v. Broniec,* 239 Ga. 181 (236 SE2d 265). Appellant is not entitled to a new trial on this ground.

4. Appellant contends the trial court erred in rejecting his evidence of fraud, but in his brief merely argues that the trial court erred in excluding Exhibit 10 "as evidence of [Valmet's] intentional misrepresentation of the FSC sale and his commission thereon." Since appellant provides no clue as to what "the FSC sale" is and what Exhibit 10 is and what it would tend to prove, this allusion is too obscure to form the basis for a finding of harmful error on appeal; the error alleged is not self evident, nor is appellee's objection to the evidence as being not properly authenticated and "absolutely irrelevant." Admissibility of evidence is largely a matter of discretion for the trial court, and the burden is on the party alleging error to show it affirmatively by the record. *Armech Svc. Co. v. Rose Elec. Co.,* 192 Ga. App. 829, 830 (386 SE2d 709). Appellant has not borne his burden to show error affirmatively by the record, and moreover to show harm. See *Floyd v. State,* 156 Ga. App. 741 (1) (275 SE2d 786). Appellant is not entitled to a new trial on this ground.

5. Inasmuch as the jury determined that Valmet was not liable on Eudaly's claims, the jury could not have reached a question of punitive damages, and grant of directed verdict to Valmet on the issue of punitive damages cannot have been error. Appellant is not entitled to a new trial on this ground.

*Judgment affirmed in part and reversed in part. Pope and Cooper, JJ., concur.*

DECIDED SEPTEMBER 16, 1991 —
RECONSIDERATION DENIED OCTOBER 15, 1991 — 

*Arthur F. Millard,* for appellant.
*Glass, McCullough, Sherrill & Harrold, R. Phillip Shinall III, L. James Weil, Jr., James E. Dearing, Jr.,* for appellee.