A93A0591. CONERLY v. FIRST NATIONAL BANK OF BALDWIN COUNTY.
(434 SE2d 143)

ANDREWS, Judge.

Conerly appeals the grant of summary judgment to First National Bank of Baldwin County, "Bank," in the Bank's suit on a personal guarantee of a business note. Conerly further enumerates as error the dismissal of his amended counterclaim.

1. "To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law." *Lau's Corp. v. Haskins,* 261 Ga. 491 (405 SE2d 474) (1991). So viewed, the evidence was that on July 24, 1989, Real Estate Ventures, L.P. executed a promissory note with the Bank for $295,020. This note was executed for the limited partnership by its general partners, Real Estate West, Inc. by its president, Conerly, and REMCO, Inc. by its president, Glanton. In support of its motion for summary judgment, the Bank submitted the affidavit of Daniel, its president and CEO. Attached thereto is a photocopy of this note. The Bank required both Conerly and Glanton to personally guarantee this note by signing the guarantee on the back of the note.[1] Attached to Daniel's affidavit as Exhibit A is a copy of the front and back of the July 1989 note, and both signatures are present in both places.

Separate notes were signed as follows renewing this obligation:

---

[1] "GUARANTEE: By signing below, I unconditionally guarantee the payment of any amounts owned under this note and any security agreement will apply to me."

December 31, 1989, $295,020, signed by the limited partnership through its general partners, Real Estate West, Inc. (Conerly) and REMCO, Inc. (Glanton); June 29, 1990, $295,020, signed by the limited partnership through its remaining general partner, Real Estate West, Inc. (Conerly); and December 26, 1990, $312,741.20,[2] signed by the limited partnership through its general partner Real Estate West, Inc. (Conerly).

Daniel's affidavit reflects that the December 1989 renewal was also guaranteed by Glanton and Conerly, although the copy included in the record does not reflect the signature. Likewise, the June 1990 renewal was guaranteed by Conerly. The lack of signatures on the copies resulted from the Bank's use of a carbon in the note which did not provide copies on the back page of the note form.[3] Daniel did observe the signatures when made.

The December 1990 note and guarantee both bear the signature of Conerly and he acknowledges having signed both. This is the note upon which suit was filed and summary judgment granted. Daniel went to the offices of Conerly in Carrollton and requested that he sign the renewal and guarantee. While Daniel does not remember the date of the trip, Conerly placed it in March and both agree that the note was backdated to reflect the due date of the third renewal note. The Bank became aware in April 1991 that another creditor was foreclosing on some of the security supporting the note and called the note due based on this act of default. The bank account balance of the partnership was set off against the balance of the note and several outstanding checks were returned to the maker.

The Bank's complaint was filed on June 4, 1991, naming Conerly, Real Estate West, Inc., and REMCO as defendants. Consent extensions were entered for the answer until September 20, 1991. None was filed until October 7, 1991, when a handwritten "general denial" was entered for Conerly and Real Estate West, Inc., "West." Then, on October 9, 1991, an amendment was filed by Conerly and West, adding affirmative defenses and a three-count counterclaim.[4]

At the hearing on the Bank's motion for summary judgment on July 28, 1992, counsel for the defendants announced that the three-count counterclaim had been withdrawn and an "amended counterclaim" filed. The new counterclaim, marked filed on July 27, 1992, asserted a claim for fraud and interference with business relations.[5]

---

[2] The additional amount represented the inclusion of interest payments which had not been received.

[3] The originals of the two interim notes, bearing the signatures, were marked "paid by renewal" and returned to the partnership.

[4] These counts were for slander and libel, improper setoff and dishonor, and breach of fiduciary duty.

[5] The alleged fraud was Daniel's "material misrepresentation . . . that Conerly had

The Bank filed its motion to strike the amended counterclaim dealt with in Division 3 below.

2. In support of its motion for summary judgment, the Bank submitted the affidavit of Daniel, including the signed guarantee of the first note, as well as the deposition testimony of Daniel. On his behalf, Conerly submitted his affidavit and deposition. Conerly's own testimony shows that he acknowledged signing the original note and the last note and guarantee. With regard to his fraud defense, the Bank, by the positive testimony of Daniel and the photocopy of the original note and guarantee, demonstrated "the absence of evidence of fraud, thereby casting upon appellant the burden of presenting specific evidence giving rise to a genuine issue of triable fact. See *Lau's Corp. v. Haskins*, [supra]. . . ." *McCrimmon v. Tandy Corp.*, 202 Ga. App. 233, 235 (1) (414 SE2d 15) (1991). This, Conerly did not do. Nowhere in his affidavit or deposition does he unequivocally state that the signature on the original guarantee is not his. He has failed to create an issue of triable fact. *Feely v. First American Bank of Ga.*, 206 Ga. App. 53, 55 (424 SE2d 345) (1992); see *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27, 29 (1) (343 SE2d 680) (1986).

Additionally, " '[a] party to a contract who can read, must read or show a legal excuse for not doing so, and ordinarily if fraud is an excuse, it must be such fraud as would prevent the party from reading the contract. (Cit.) One cannot claim to be defrauded about a matter equally open to the observation of all parties where no special relationship or trust or confidence exists. (Cit.) . . . "Further, in the absence of special circumstances one must exercise ordinary diligence in making an independent verification of contractual terms and representations, failure to do which will bar an action based on fraud." ' *Life Ins. Co. of Va. v. Conley*, 181 Ga. App. 152, 153 (351 SE2d 498) (1986); [cits.]" *Dunlap v. First Rock Credit Corp.*, 194 Ga. App. 563, 565 (2) (390 SE2d 919) (1990).

3. Conerly's second enumeration alleges error in the trial court's dismissal of his amended counterclaim based on the Bank's motion to strike it.

Pursuant to OCGA § 9-11-13 (f), "[w]hen a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice requires, he may *by leave of court* set up a counterclaim by amendment." (Emphasis supplied.) Such a showing is mandatory. *Adderholt v. Adderholt*, 240 Ga. 626, 628 (1) (242 SE2d 11) (1978).

The second counterclaim filed here involved totally new theories, but were clearly compulsory counterclaims, being based upon the

guaranteed the Loan . . . and the two renewals of the Loan."

same facts as the underlying complaint and first counterclaim.[6] Whether to allow such a filing, even upon a proper showing, is within the discretion of the trial court and will not be disturbed here absent abuse. *Eudaly v. Valmet Automation &c.*, 201 Ga. App. 497, 498 (1) (411 SE2d 311) (1991); *White v. Fidelity Nat. Bank*, 188 Ga. App. 539, 540 (1) (373 SE2d 640) (1988). We find none.

*Judgment affirmed. Pope, C. J., and Birdsong, P. J., concur.*

DECIDED JULY 16, 1993.

*Gary P. Bunch*, for appellant.

*Martin, Snow, Grant & Napier, John T. McGoldrick, Jr., Warren C. Grice*, for appellee.

---

[6] We pretermit the issue of whether the first answer and the added counterclaim were in default. OCGA § 9-11-55 (a).