A97A1960. FULLER v. GREENVILLE BANKING COMPANY.
(495 SE2d 320)

Judge Harold R. Banke.

Walter Travis Fuller appeals from the trial court's order awarding partial summary judgment to Greenville Banking Company ("Bank") on its action to collect on a promissory note.

The evidence, when viewed in a light most favorable to Fuller, the non-movant, showed that this note was the successor renewal note to a series of single pay promissory notes which Fuller had exe-

---

cuted in favor of the Bank. The five previous notes had been single pay notes with specific maturity dates. The promissory note at issue here was set up on an installment basis and called for 60 monthly payments. After Fuller failed to make the first two required payments, the Bank filed the underlying action. Fuller defended on the grounds of improper notice to accelerate, adhesion, fraud in the inducement and misrepresentation.

It is undisputed that Fuller signed the promissory note at issue and that the subject note is in default. Initially, the trial court denied summary judgment to the Bank because the record lacked a legible copy of the note at issue. When the Bank moved for reconsideration, it supplemented the record with a legible copy which enabled the trial court to determine that the promissory note contained an acceleration clause that could be exercised upon default at the option of the holder and without demand or notice. In so finding, the court granted summary judgment as to the amount of principal and interest but decided that unresolved questions of fact precluded summary judgment on attorney fees. *Held*:

1. Fuller contends that having initially denied the Bank's motion for summary judgment, the trial court erred in granting the motion without any new evidence. Fuller's argument is flawed because it overlooks the obvious — that the Bank offered into evidence a legible copy of the promissory note at issue. According to the terms and conditions of the loan, in the event of default, the Bank was authorized with or without notice to accelerate the unpaid balance plus finance charges.

Fuller's admission of indebtedness under the note established the Bank's prima facie right of recovery. *Pollard v. First Nat. Bank &c.*, 169 Ga. App. 598 (1) (313 SE2d 785) (1984). With regard to his defenses, Fuller failed to offer any evidence to show the existence of a genuine triable issue as to his allegations of fraud or misrepresentation. Nowhere in his deposition did he unequivocally point to any fraudulent action on the part of the Bank. See *Conerly v. First Nat. Bank of Baldwin County*, 209 Ga. App. 601, 603 (2) (434 SE2d 143) (1993). In fact, Fuller, a college graduate, testified that he "did not realize that the note required monthly payments" and that he thought it "was like the original one where I could pay the interest at the end of the year or if I sold the lots." However, the contractual terms plainly require monthly payments and specify the Bank's options in the event of default.

Although Fuller asserted that the written terms of the note deviated from what he understood the terms would be, one cannot claim to be defrauded about a matter equally open to the observation of all parties, absent the existence of a special relationship or trust or confidence. *Conerly*, 209 Ga. App. at 603 (2). See *Campbell v. C & S Nat.*

*Bank,* 202 Ga. App. 639, 640 (1) (415 SE2d 193) (1992) (express written terms in note will defeat defense of fraud in the procurement of a note based on purported oral misrepresentations by bank officer). It was incumbent upon Fuller to exercise ordinary diligence to make his own independent verification of the contractual terms and his failure to do so bars an action based on fraud. *Life Ins. Co. of Va. v. Conley,* 181 Ga. App. 152, 153 (351 SE2d 498) (1986). Nor did Fuller offer any evidence that the contract was one of adhesion. He admitted that he obtained the subject note to further his own interest of avoiding potential litigation involving another bank.

2. The trial court did not abuse its discretion in granting summary judgment to the Bank in response to the Bank's motion for reconsideration. The prior denial of a motion for summary judgment does not preclude a subsequent granting thereof on the basis of an expanded record. *T. L. Rogers Oil Co. v. South Carolina Nat. Bank,* 203 Ga. App. 605, 606 (2) (417 SE2d 336) (1992).

*Judgment affirmed. Johnson and Blackburn, JJ., concur.*

DECIDED DECEMBER 19, 1997.

*Thomas R. Morgan, Jr.,* for appellant.
*Daniel W. Lee,* for appellee.