**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**HODGES and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**October 30, 2025**

# In the Court of Appeals of Georgia

A25A1030. SEO v. HONG.

PIPKIN, Judge.

This case involves a cryptocurrency investment scam. Following a bench trial at which both Samuel Hong (Plaintiff) and Anna Seo (Defendant) testified, the trial court found that Defendant committed fraud against Plaintiff and entered a judgment against her for $13,000. Defendant now appeals. However, in her brief on appeal, she left the required Enumeration of Errors section blank, impeding our review of this case.[1]

---

[1] See OCGA § 5-6-40 ("The appellant . . . shall file with the clerk of the appellate court . . . an enumeration of the errors which shall set out separately each error relied upon. . . . The appellate court, by rule, may permit the enumeration to be made a part of the brief."); Court of Appeals Rule 25 (a) (4) ("At a minimum, the appellant's brief must include . . . [t]he enumeration of errors, which must identify separately and concisely each allegedly erroneous ruling the appellant relies on as a basis for reversal[.]").

We construe Defendant's brief as raising three claims of error: (1) the trial court erred in finding that Defendant committed fraud against Plaintiff because Defendant's misrepresentations related to future events; (2) the trial court's finding that Plaintiff's "investment had 'expired' and that the money was 'gone'" was clearly erroneous; and (3) the trial court erred in finding that Defendant committed fraud because Plaintiff failed to prove justifiable reliance on Defendant's misrepresentations. Defendant's first claim ignores an exception to the general rule that fraud cannot relate to a future event, her second claim misrepresents the record, and her third claim relies on viewing the evidence in the light most favorable to her, rather than Plaintiff, and on inapposite case law. Accordingly, we affirm.

1. Defendant first contends that the trial court erred in finding that she committed fraud because her misrepresentations related to future events. It is true that, in general, misrepresentations about future events will not support a cause of action for fraud. See, e.g., *Novare Group, Inc. v. Sarif*, 290 Ga. 186, 189 (2) (718 SE2d 304) (2011). However, Defendant overlooks an important exception to the general rule. A misrepresentation about a future event made with a present intent not to perform or knowledge that the future event will not take place will support a cause of action for fraud. See *Tavistock Freebirds LLC v. Coca-Cola Co.*, 366 Ga. App. 443, 446

(1) (a) (883 SE2d 388) (2023). See also *Clare Dev. Corp. v. First Nat'l Bank of Columbus*, 243 Ga. 709, 709 (256 SE2d 452) (1979); *Cowart v. Gay*, 223 Ga. 635, 636—37 (157 SE2d 466) (1967). Here, the trial court, sitting as the finder of fact and based on the testimony at trial, expressly found that Defendant's "plan was ever and always to cheat Plaintiff" out of his money. Thus, the exception to the general rule applies, and this clam lacks merit.

2. Defendant next contends that the trial court's finding that Plaintiff's "investment had 'expired' and that the money was 'gone'" was clearly erroneous. However, this claim misrepresents the record. The trial court found that Plaintiff "*was told by the Defendant* that the plan under which he had invested had expired, and his money, sadly, was gone." (Emphasis added.) The trial court did not find that Plaintiff's money was "gone" as a result of an investment plan that "expired." To the contrary, the trial court found that there was no investment plan in the first place, only a scam, and that Plaintiff's money, far from being "gone," was instead taken by Defendant and her confederates. Thus, this claim fails.

3. Finally, Defendant contends that the trial court erred in finding that she committed fraud because Plaintiff failed to prove justifiable reliance by him on her misrepresentations. This claim has three components. First, Defendant argues that

the evidence at trial showed that Plaintiff blindly relied on her misrepresentations that he would receive a return on his investment of $3,480 per month for six months and that "blind reliance" on the representations of a stranger is not justifiable as a matter of law. However, Defendant did not raise this argument in the trial court, and she cannot raise it for the first time here. See *Mary Allen Realty & Mgmt., LLC v. Harris*, 354 Ga. App. 858, 862 (2) (841 SE2d 748) (2020). In any event, Defendant has failed to articulate any action that Plaintiff could have undertaken that would have revealed the falsity of her misrepresentations. See *Health Servs. of Cent. Ga., Inc. v. Wanna*, 373 Ga. App. 642, 657 (3) (908 SE2d 41) (2024) ("[A]part from plain and indisputable cases, questions of fraud and whether a plaintiff could have protected himself through the exercise of ordinary diligence are questions for a [finder of fact]." (citation and punctuation omitted)).

Second, Defendant argues that Plaintiff had clear notice of the falsity of her representations and therefore could not prove justifiable reliance on them. However, Defendant does not explain how Plaintiff was put on notice that her representations were false, much less cite any evidence in the record showing that he ever had such notice. Moreover, the facts of this case, viewed in the light most favorable to the trial

court's judgment, bear no resemblance to the facts of the only two cases that Defendant cites in support of this claim.[2]

Third, Defendant argues that blind reliance on misrepresentations about the contents of a written contract precludes a finding of justifiable reliance. But this case does not involve a written contract. Thus, the cases that Defendant cites in support of this claim have no application here.[3]

---

[2]See *Marion A. Allen, Inc. v. Johnston*, 371 Ga. App. 856, 860 (903 SE2d 334) (2024) (holding that reliance by purchasers of residential real estate on corporate seller's representation that post-remediation testing showed that the house was clear of mold was not justifiable where the purchasers knew that mold was previously present, did not read the post-remediation inspection report, undertook no independent investigation, and could see mold in plain view in the house). See also *Simmons v. Wooten*, 241 Ga. 518, 520 (2) (246 SE2d 639) (1978) (holding that grantee who was unable to read could not rely on grantor's representation that the deed conveyed 38.8 acres when the deed in fact conveyed only 29.8 acres where, among other things, "prior to the execution of the sale contract and the warranty deed, plaintiff had a surveyor of his own choosing make a survey of the property").

[3]See *Fuller v. Greenville Banking Co.*, 230 Ga. App. 63, 64 (1) (495 SE2d 320) (1997) ("[The] express written terms in [a promissory] note will defeat [a] defense of fraud in the procurement of [the] note based on purported oral misrepresentations by [a] bank officer."). See also *Hartsfield v. Union City Chrysler-Plymouth*, 218 Ga. App. 873, 876 (2) (463 SE2d 713) (1995) (holding that blind reliance on the other contracting party's misrepresentations about the contents of a written contract precludes a finding of justifiable reliance).

In sum, Defendant has failed to show that the trial court erred in finding that Plaintiff proved justifiable reliance by a preponderance of the evidence. Thus, Defendant's final claim lacks merit. Accordingly, we affirm the trial court's judgment.

*Judgment affirmed. McFadden, P. J., and Hodges, J., concur.*